STATE OF MONTANA, AT THE RELATION OF J. W. LANCASTER, RELATOR, v. FRANK H. WOODY, DISTRICT JUDGE OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR RAVALLI COUNTY, DEFENDANT.

[Submitted January 19, 1898. Decided January 24, 1898.]

1. DISTRICT COURT—*Jurisdiction to Appoint Administrator.*—The District Court has jurisdiction to make an order appointing the Public Administrator of an estate, although no petition for his appointment has been filed. (§§ 4510, 4511 of the Political Code and § 2443 Code Civil Procedure construed.)

2. PUBLIC OFFICER—*Presumption.*—In the absence of evidence to the contrary, it will not be presumed that a public officer has been derelict in his duty.

3. ADMINISTRATION—*Right to Letters.*—A public administrator, by applying for letters of administration, does not acquire a vested right, as against his successor in office, to administer upon the estate or to the fees pertaining thereto.

4. SAME.—It seems that a request to have "A. B., public administrator," appointed the administrator of an estate, is a designation of the official and not the individual.

5. SAME.—Section 55 of the Probate Act (Comp. St. 1887) prohibited the appointment of a non-resident as an administrator; Section 69 of the same act permitted letters to issue to any competent person upon a written request of a person entitled to letters. *Held*, that, under the above sections, such a request made by a non-resident had no legal significance.

6. SAME.—Pending an application made by a public administrator for letters of administration, his term of office expired. *Held*, that he was not entitled to the appointment.

APPLICATION for mandamus, on the relation of J. W. Lancaster, against Frank H. Woody, district judge. Dismissed.

*H. D. Moore,* for Relator.

*C. B. Nolan,* Attorney General, for Respondent.

PIGOTT, J.—In this case there was issued an alternative writ of mandamus requiring the defendant to show cause before this court why he should not issue letters of administration to the relator, based upon an application containing substantially the following averments :

On April 23, 1895, the relator, being then the public administrator of Ravalli County, Montana, made application to the District Court of that county for letters of administration upon the estate of one Eva B. Liter, alleged to be dead, accompanying his petition with a written request in behalf of the mother and sisters of the decedent, the mother and sisters being nonresidents of Montana. The relator paid the costs of filing the petition and of posting notices of the hearing, and at the instance of said nonresident heirs redeemed the property of the estate from a tax sale. Petitioner diligently prosecuted his application for letters, but on December 15, 1896, the District Court denied his application. From that order relator appealed to this court. On May 3, 1897, this court reversed the order, with directions to the court below to act in accordance with the views expressed in the opinion in that case. *In re* Liter's Estate, 48 Pac. 753. Thereafter the relator repeatedly moved the District Court to issue letters to him, but this the court declined to do. On January 1, 1897, the relator ceased

to be Public Administrator, and one Higgins succeeded to the office, and ever since has been the duly elected and qualified Public Administrator.   On November 13, 1897, the District Court appointed Public Administrator Higgins administrator of the estate, and ordered letters to be issued to him upon his taking the oath of office required.   Higgins had not made application for letters at the time the order last mentioned was made, and relator was at that time the only applicant.   By reason of vexatious delays of the District Court in issuing letters to relator, the estate has been subject to loss and to damage, and will continue to suffer loss and damage if letters be not speedily issued to relator.   It is further stated in the application that the certificate issued upon the redemption from taxes is in the name of the relator as Public Administrator.

For answer to the alternative writ, the defendant sets up that the relator made application to administer on the estate in his official capacity as Public Administrator, and pursuant to the request of the mother and sisters of the decedent that he would, as Public Administrator, administer on the estate; that these heirs were and are nonresidents of Montana, and hence had no power to make a valid nomination of an administrator; that all the moneys paid out by relator for the estate were provided by the heirs; and that, when the remittitur from this court was filed in the court below, in May, 1897, relator was not Public Administrator.

The replication states that relator made the application as the nominee of the mother and sisters as well as in his capacity of Public Administrator.

Upon the question whether or not the relator was acting as a nominee of nonresident heirs or solely in his official capacity of Public Administrator, the written request under which relator claimed to have been empowered was received in evidence.   This request was addressed to ''J. W. Lancaster, Public Administrator in and for the County of Ravalli.''   His petition for letters described relator as such Public Administrator, and alleged that he was ''the public administrator, and was entitled to the letters prayed for.''   All the papers and

notices required to be filed or posted as preliminary to the hearing of the application described relator as Public Administrator. In an affidavit made and filed by his attorney is an averment that affiant represented at the time the Public Administrator, the relator.

The opinion and the judgment of this court *In re Liter's Estate, supra,* directed the District Court to act in accordance with the views expressed in the opinion rendered. Neither the opinion nor the judgment directed the appointment of relator.

In the absence of any objection to the form of the remedy employed, this court will in the present case entertain the proceeding by *mandamus,* without expressing an opinion whether the remedy sought is the one proper to be invoked; but the fact that this court passes the question which might have been urged in that respect must not serve as a precedent for like cases in the future.

1. Relator attacks the order appointing Public Administrator Higgins, asserting it to be void upon the ground that the District Court was without jurisdiction to appoint; the specific reason urged being the failure of the Public Administrator to file a petition for letters, and to proceed to procure them in like manner as letters are issued to administrators other than public.

The order was not void, nor was the court without jurisdiction.

Section 4510 of the Political Code, provides: ''Every Public Administrator, duly elected, commissioned and qualified, must take charge of estates of persons dying within his county, as follows:

''(1) Of estates of decedents for which no administrators are appointed, which, in consequence thereof, are being wasted, uncared for or lost.

''(2) Of estates of decedents who have no known heirs.

''(3) Of estates ordered into his hands by the court, and (4) of estates upon which letters of administration have been issued to him by the court.''

Section 4511 of the same code provides: ''Whenever a

Public Administrator takes charge of an estate, under order of the court, he must, with all convenient dispatch, procure letters of administration thereon, in like manner and on like proceedings as letters of administration are issued to other persons.     His official bond and oath are in lieu of the administrator's bond and oath, but when real estate is ordered to be sold, another bond must be required by the court.''

The facts admitted to exist show that the court and the Public Administrator acted under these statutes.     The record and evidence before us is silent as to whether or not Public Administrator Higgins has procured letters since his appointment, as commanded by Section 4511.     We may not presume that he has been derelict.     Relator urges, however, that Administrator Higgins did not file his petition and give the notice required by section 2443, Code of Civil Procedure, for the hearing of a contest between applicants for letters; but in the view, hereafter expressed, which we take of the situation of relator, this objection is without merit.     It would seem, also, that Subdivision Three, Section 1722, Code of Civil Procedure, creates the right of appeal from the order of November 13, 1897, granting letters to the public administrator; and such appeal, for ought that appears, would be plain, speedy, and adequate, since the allegations of relator in respect to the injury claimed to be imminent from delay are mere legal conclusions, to prove which no effort even was made.     The taking of the certificate of redemption in the name of relator as Public Administrator is certainly not detrimental to the estate.     Such redemption confers upon the person redeeming no interest in the property redeemed, the only effect being an extinguishment of the lien imposed by reason of the sale for taxes.

2.  Relator bases his right to administer upon three distinct grounds: First, that his application while Public Administrator created a right which, upon the hearing, became a vested right to administer, and to the fees pertaining thereto; second, that he was the nominee of the heirs at law of the decendant; and, lastly, that he is entitled, under section 2446, Code Civ.

Proc., providing that letters must be granted to any appli-
cant, though it appears there are other persons having better
rights, when such persons fail to ask for letters.

The first ground is without merit. By filing his petition,
relator acquired no interest in the estate. Neither did he
thereby acquire a right to fees to be thereafter earned. (*In
re* Pingree's Estate, 100 Cal. 79, 34 Pac. 519. See, also, *Bank*
v. *Dudley*, 2 Pet. page 492, and *in re* Dewar's Estate, 10
Mont. 426, 25 Pac. 1026.) As to the expenses incurred by him
in advancing certain sums for filing the petition and redeeming
lands from tax sale, we have the relator's admission (by fail-
ure to deny) of reimbursement by the heirs. But, apart from
this, we cannot subscribe to the doctrine that an applicant
must be granted letters because of the fact he has paid out his
own money in an unsuccessful attempt to obtain them.

The second ground on which he relies—that he is the nomi-
nee of the heirs at law—is equally devoid of merit. In our
opinion, the purpose of the mother and sisters of the decedent
was clear and manifest. They requested "J. W. Lancaster,
Public Administrator in and for the County of Ravalli," to
act. Relator was not requested to act as J. W. Lancaster, but
as Public Administrator, who, for the time being, happened
to be J. W. Lancaster, was requested to take such steps as
would result in his being appointed administrator of the estate
of Liter. We do not consider it material, however, whether
or not he was requested to act as a private person by the heirs,
because such request would confer upon him no authority to
procure letters. At the time his petition was filed, Sections
55 and 69 of the probate practice act (Compiled Statutes 1887)
were in force. Section 55 prohibited the appointment of a
nonresident of Montana to be administrator, and Section 69
permitted letters to issue to any competent person upon a
written request of a person entitled to letters. When made,
the request was of no legal significance in so far as it at-
tempted to confer a right upon relator. (*In re Morgan's
Estate*, 53 Cal. 243.) We are also convinced that relator ap-
plied for letters as public administrator, and not otherwise.

The third ground is really included within the second. When relator ceased to occupy the office of public administrator, his application for letters to issue to him in that capacity was, of necessity, futile.    It could not properly be granted, for he was no longer such officer.    He was not entitled to administer upon the estate as against the incumbent of the office at the time of the grant of letters.    "It was his status at the time of the grant of administration, and not at the time of filing his petition, that determined his competency."    (*In re Pingree's Estate, supra.*)    And, as we have seen, he was not the nominee of the heirs.    The court therefore was right in refusing to consider the application as one made by him in his private capacity.    The appointment of Public Administrator Higgins is not of concern to relator.

It is ordered that judgment be entered dismissing the application and writ of relator, with costs.

PEMBERTON, C. J., concurs.    HUNT, J., not sitting.