# IN RE CRAIGIE'S ESTATE.

[No. 1,456.]

[Submitted January 24, 1900.   Decided March 19, 1900.]

| 24 | 37 |
|---|---|
| e26 | 98 |
| 24 | 37 |
| 31 | 440 |
| 24 | 37 |
| 35 | 350 |
| 24 | 37 |
| e40 | 141 |

*Executors and Administrators—Public Administrator—Failure to File Additional Bond—Effect—Retirement from Office—Right to Administration—Revocation of Letters—Pleading.*

1.  The fact that a public administrator—who was under an official bond of $10,000, and otherwise qualified—failed to file an additional bond required by the district judge as further security for the interest of an estate in his hands, did not, *ipso facto*, create a vacancy in the office of public administrator, but was a ground for declaring a vacancy therein on judicial ascertainment only, and hence the refusal of a petition for the revocation of such letters and the appointment of another administrator, failing to specify the public administrator's neglect to file the bond, was proper, though such failure appeared of record.
2.  The failure of a person appointed administrator to give a bond does not ordinarily or usually make letters of administration void; they are, for such reason, only irregular and voidable.
3.  It is a rule of pleading and practice that the plaintiff must state in his complaint the facts upon which he bases his action, and be confined to them in making proof and obtaining relief.
4.  The fact that a public administrator has not completed the administration of an estate on his retirement from office, did not prevent him from thereafter completing the same, since such administration did not devolve on his successor.
5.  Where the petition of a resident of the state,—after the repeal of the Compiled Statutes of 1887,—for the revocation of letters granted to an administrator appointed thereunder, and for petitioner's appointment, on request of nonresident heirs and next of kin, failed to show that any of such heirs or next of kin was the widow, child, father, mother, brother, or sister of the intestate, he was not entitled to such letters.
6.  Under the Codes of 1895, unless a person is a *bona fide* resident of the state, he is not competent to serve as administrator; and, after letters have been granted to a competent applicant, no person other than the surviving husband or wife, child, father, mother, brother or sister of the intestate may obtain the revocation of such letters for the reason that he or she is better entitled to them; nor may any competent person, at the written request of any person not embraced in the above class, obtain the revocation of the letters, and the appointment of himself.

*Appeal from District Court, Lewis and Clarke County; S. H. McIntire, Judge.*

Petition by one Zimmerman, public administrator, etc., for the revocation of letters of administration on the estate of

William Craigie, deceased. From an order denying the ap-
plication, petitioner appeals. Affirmed.

Mr. *Albert I. Loeb*, for Appellant.

The matter of the appointment of an administrator is *in
fieri* until, and not completed till he has qualified as such ad-
ministrator. The order of appointment, the qualification of
the appointee, and the issuing of letters to him were all nec-
essary proceedings to invest such appointee with the office of
administrator. Kenck's failure to comply with the order of
court directing him to give a bond rendered the office vacant.
(*Gray's Administrator* v. *Cruise*, 36 Ala. 559; *Estate of
Hamilton*, 34 Cal. 464; *Prior* v. *Downey*, 50 Cal. 388, 399;
*Prior* v. *Downey*, 19 Am. Rep. 656; *Power* v. *Lenoir*, 56 Pac.
Rep. 106; *Feltz* v. *Clarke*, 4 Humph. 79; *Moore* v. *Ridge-
way*, 1 B. Mon. 234.) The necessity for the bond is deter-
mined by the probate judge. It then became Kenck's duty
to qualify in accordance with the determination of the probate
court. (*Bankhead* v. *Hubbard*, 14 Ark. 298; *Sharp App.*
(Pa. 1887), 9 Atl. Rep. 860; *Felton* v. *Sowles*, 57 Wis. 382;
*Barrett* v. *Superior Court* (Cal.), 43 Pac. 520; *Barrett* v.
*Superior Court* (Cal.) 47 Pac. 592.) In addition to the fact
that Kenck lost all right to administer the estate by reason of
his failure to qualify, any right he may have had thereto was
lost by reason of the fact the heirs directed a revocation of
the letters that may have been issued to him. It has been
continually held by the courts that a revocation of letters may
be had upon the application of any person who has an interest
in the estate. ( *Watson* v. *Glover*, 77 Ala. 323; *Brackett* v.
*Williams*, 110 Mass. 549; *Gasque* v. *Moody*, 12 Smedom
(Miss.) 153; *Dowdey* v. *Graham*, 42 Miss. 451; *Fernbocker*
v. *Fernbocker*, 4 Den. (N. Y.) 227; *Edwards* v. *Cobb*, 95 N.
C. 4; *Pikes Estate*, 45 Wis. 1.) And then it is generally
held that a failure to give a bond is a ground for a revocation
of letters. (*Bartlett* v. *Placer County* (Cal. 1897), 47 Pac.
Rep. 592; *Davenport* v. *Irvine*, 4 J. J. Marsh. (Ky) 60; *De*

*Fleshier's Succession*, 1 La. Ann. 20; *Curly* v. *Reed*, 82 Md. 383; *Clark* v. *Niles*, 42 Miss. 460; *In re O'Brien* (Surrogate Court), 19 N. Y. Supp. 541; *McFadgen* v. *Council*, 81 N. C. 195; *Longenberger's Estate*, 148 Pa. St. 564.)

*Mr. II. S. Hepner*, for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

Zimmerman, the public administrator of Lewis and Clarke county, has appealed from an order of the district court of that county, entered on June 3, 1899, refusing to appoint him administrator of the estate of William Craigie, deceased, and refusing to revoke letters theretofore issued to one Kenck.

In his petition for letters, filed on May 16, 1899, he states that Craigie, a resident of Lewis and Clarke county, died intestate in 1888, leaving an estate therein consisting of the sum of $4,046.79, which sum was at the time the petition was filed in the hands of T. J. Walsh, Esq., and subject to his charges and expenses as an attorney; "that the next of kin of said deceased, and whom your petitioner is advised and believes, and therefore alleges to be, the heirs at law of said deceased, are" certain persons residing without the state of Montana, whose kinship to the decedent is not specified; that he is the nominee in writing of a majority of said heirs, and is therefore entitled to letters. Annexed to the petition was the request of a majority of the next of kin that Zimmerman be appointed; and on May 31st there was filed a request, signed by the next of kin, that the letters theretofore issued to Kenck be revoked, and the public administrator appointed in his place. On the hearing the probate records disclosed these facts: On June 12, 1893, the court below directed Kenck, then public administrator, to take charge of and administer the estate of Craigie, which was then in the hands of the predecessor in office of Kenck, and ordered him to file a bond in the sum of $500. On the same day Kenck took the oath required, and letters were then issued to him. He did not, however, furnish the $500 bond. Thereafter Kenck, as

administrator, duly prosecuted in the district and supreme courts an action against the sureties upon the bond of one Yaeger, formerly administrator of the estate, and recovered and collected a final judgment for $4,046.79, which sum constitutes the entire estate of the decedent. Upon these facts, Kenck objected to the granting of letters to Zimmerman; and the court below, on June 3, 1899, denied the petition, and orderd Kenck to continue his administration.

The appellant contends that the letters to Kenck should have been revoked, and his petition granted, upon any one of three grounds, namely: (1) Because Kenck never was the administrator of Craigie's estate; (2) because his right to administer the estate ceased with the expiration of his term as public administrator, and appellant, as his successor in that office, is entitled to continue the administration; and (3) because the heirs and next of kin requested the revocation of the letters theretofore issued to Kenck, and the issuance of letters to the appellant. These points we shall briefly examine.

1. The appellant argues that, by reason of Kenck's neglect to file the bond of $500 which the court required of him in 1893, the letters of administration were void, and the office of public administrator of Lewis and Clarke county became, *ipso facto*, vacant; and therefore Kenck never was the administrator of Craigie's estate. The statutes in force at the time Kenck was appointed and received letters required the public administrator, before entering upon the discharge of his duties, to take the oath of office, and to execute a bond in the sum of $10,-000, conditioned for the faithful performance of his duties (Section 823, Fifth Division, of the Compiled Statutes 1887); and commanded the probate judge to require of the public administrator, from time to time, such additional bonds as might be necessary to secure the interests of estates in his hands. (Section 824.) Section 75 of the Second Division of the Compiled Statutes of 1887, which had to do with administrators other than public, provided that each person to whom letters of administration were directed to issue, must, before receiving them, execute a bond, with two or more sureties, to be

approved by the probate judge, conditioned (Section 77) for the faithful performance of the trust according to law.    Section 825 of the Fifth Division of the Compiled Statutes of 1887 reads as follows:    "Upon failure of any public administrator to give the bond as required in this act, or as may be required by the probate judge, his office shall become vacant, and upon vacancy in the office of public administrator, from any cause whatever, the office shall be filled by appointment by the probate judge."

By the weight of authority, supported by sound reasoning, the failure of the person appointed administrator to give a bond does not ordinarily or usually make letters of administration void.    They are for such reason only irregular and voidable.    (1 Woerner's Law of Administration (2d Ed.), Sec. 253, p. *546; 11 Am. and Eng. Ency. Law (2d Ed.), 868, and note 5; *Ex parte Maxwell*, 37 Ala. 362, s. c. 79 Am. Dec. 62.)    In *Power* v. *Lenoir*, 22 Mont. 169, 56 Pac. 106, this Court held the order appointing the guardian of a minor to be without effect, and the letters of guardianship void, because the appointee neglected to give bond; but the decision in that case rests upon reasons different from those which control where is involved, as in the present proceeding, the effect of the omission to give a bond by one appointed administrator.    Nor did the provision of section 825, *supra*, that, upon failure of the public administrator to give the bond required by the judge, his office should become vacant, create a vacancy upon the mere happening of that event.    We do not believe that the legislature in enacting section 825 intended to provide that a public admistrator, who is already under an official bond of $10,000, and has otherwise qualified, should, after entering upon the discharge of his duties, forthwith forfeit his office, upon omission to give an additional bond required by the judge as further security for the interest of an estate in his hands.    Failure to give the bond was cause for declaring a vacancy in the office, and upon a judicial ascertainment and declaration of such omission the office would have become vacant.    In our opinion, the neglect to furnish

the additional bond did not of itself cause a vacancy in the office of public administrator. (Throop on Public Officers, Sec. 173; 19 Am. and Eng. Ency. Law (1st Ed.), 562r,* Sec. 7; *Clark* v. *Ennis*, 45 N. J. Law, 69.) Nothing said in this opinion is to be understood as an interpretation of Subdivision 9 of Section 1101 of the Political Code of 1895, nor as a disapproval of the decisions in *People ex rel. Fleming* v. *Shorb*, 100 Cal. 537, 35 Pac. 163, and *People ex rel. Finigan* v. *Perkins*, 85 Cal. 509, 26 Pac. 245.

Although the Codes of 1895 do not contain a statute like section 825, *supra*, in respect of public administrators—if it now exists, it has not been called to our attention—we do not doubt the right of the court or judge to revoke letters upon failure of the administrator to give a bond required of him. While section 825 was the law no effort was made to apply its provisions to Kenck, and since its repeal on July 1, 1895, no application has been made either to the court or judge to revoke the letters because of his neglect to file the bond; nor has the court or its judge of its or his own motion done so. The petition of the appellant does not in any way, directly or by suggestion, state that Kenck failed to give the bond; the request for revocation of letters and for the issuance of them to the appellant is equally silent. There was therefore a total absence in this regard of the statement of a ground for revocation. The appellant proceeded, doubtless, upon the erroneous assumption that the letters issued to Kenck were a nullity, and if such were the fact there would have been no occasion to aver his neglect to give the $500 bond; but since the letters were only voidable the court did not err, so far as appellant is concerned, in refusing to revoke the letters and appoint the appellant upon a ground which was not stated in the petition, although appearing upon the records of the court. Good pleading and fair practice demand the enforcement of the rule that the plaintiff or applicant must state in his complaint or petition the facts upon which he bases his action or proceeding, and be confined to them in making proof and obtaining relief. The present proceeding does not fall within any exception to this rule.

2.   The expiration of Kenck's term in the office of public administrator did not prevent him thereafter from administering Craigie's estate; he, and not his successor as public administrator, was entitled to the administrations pending when he went out of office; "the administration of an estate commenced by a public administrator, and not completed when his term of office expired, is nevertheless to be completed by him, and does not devolve on his successor." (11 Am. & Eng. Enc. Law (2d Ed.) 808, and cases cited in note 4.)

3.   The last reason urged by the appellant is that any right Kenck may have had to administer was lost by reason of the request made by the heirs and next of kin for a revocation of his letters, and for the issuance of letters to their nominee, the appellant.   Kenck contends that the statutes in force when the letters were granted to him govern the right to administer.   It is insisted by the appellant, on the other hand, that the statutes in force when his petition was heard are applicable.   It is not necessary to determine this controversy, for upon the showing made the appellant had no right, as against Kench, to administer in either case.   Chapter III. of the probate practice act was the law at the time Kenck received letters; and under the provisions of that chapter a non-resident of Montana was not competent to serve as administrator, and the request of a non-resident, other than the surviving husband or wife, that a non-resident be appointed, was a legal nullity.   (*State ex rel. Lancaster* v. *Woody*, 20 Mont. 413, 51 Pac. 975; see *In re Stewart's Estate*, 18 Mont. 595, 46 Pac. 806.)   Again:   Sections 70 and 73 designated the only persons who might obtain the revocation of letters upon the ground of their superior rights; the pre-existing rights of all others were concluded or barred by the order granting letters. These sections, the latter of which is here copied in illustration merely of the intent and object of the legislature, read:

"Sec. 70.   When letters of administration have been granted to any person other than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them may obtain the revocation of the letters, and be

entitled to the administration, by presenting to the probate court a petition praying the revocation, and that letters of administration may be issued to him.''

"Sec. 73. The surviving husband or wife, when letters of administration have been granted to a child, father, brother, or sister of the intestate, or any of such relatives, when letters have been granted to any other of them, may assert his prior right and obtain letters of administration, and have the letters before granted revoked in the manner prescribed in the three preceding sections.''.

Upon referring to the petition of the appellant and the request for revocation, it is seen, not only that each of the heirs and next of kin is a non-resident, but that no one of the heirs or next of kin is stated to be the widow, child, father, mother, brother, or sister of the intestate. It is perfectly plain, therefore, that, if the laws which were in force when Kenck obtained letters are yet operative in this proceeding, the request for revocation, based upon the prior right of those making it, was without significance. Nor is the appellant's standing bettered by the statutes now in force. Unless a person is *bona fide* a resident of the state, he is not, under the present law, competent to serve as administrator; he may, however, if incompetent by non-residence only, request the appointment of a resident, and letters may be issued to such resident. (Section 2434 of the Code of Civil Procedure.) Section 2446 prescribes that letters must be granted to any applicant, although "it appears that there are other persons having better rights to the administration, when such persons failed to appear and claim the issuing of letters to themselves.'' The order granting the letters determines the question of who is best entitled thereto, and this decision is final, except as to the persons presently to be mentioned. No person other than the surviving husband or wife, child, father, mother, brother, or sister of the intestate may subsequently obtain the revocation of letters for the reason that he or she is better entitled to them. This favored or privileged class is created by sections 2460 and 2463; the latter section be-

ing identical with section 73 of the Second Division of the Compiled Statutes of 1887, *supra*, and the former being similar to section 70, *supra*, but so enlarged in its terms as to provide that any competent person at the written request of any of the persons in the class may obtain the revocation of the letters, and be entitled to the administration.    If the appellant desired to avail himself of the right created by section 2460, it was, as we have said, incumbent upon him to make it appear that at least one of the heirs and next of kin who requested him to obtain the revocation of Kenck's letters and ask letters for himself is the widow, child, father, mother, brother, or sister of the decedent.    This he failed to do, and consequently he did not bring himself within the terms of the only statute which confers the right to revoke letters already issued upon the ground that those nominating him are better entitled to administer than is Kenck.

The orders appealed from are affirmed.        *Affirmed.*