## IN RE WATSON'S ESTATE.

### (No. 1,997.)

(Submitted November 14, 1904. Decided December 10, 1904.)

*Administrators—Persons Entitled to Administer—Public Administrator—Appointee of Decedent's Brothers and Sisters.*

*Held*, that under Section 2430, Code of Civil Procedure, Section 2434 of the same Code as amended (Session Laws 1899, p. 137), and Section 1867 of the Civil Code, the district court properly denied the request of a public administrator for letters of administration, and did not commit error in granting such letters to a resident of the state, whose appointment as administrator had been asked by decedent's non-resident brothers and sisters, the law contemplating that those most interested in the administration of the estate, though non-residents, shall have the right to nominate some person whom they may deem trustworthy, to act in that capacity for them.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

JUDICIAL proceedings on the estate of John Watson, deceased. From an order refusing to grant letters of administration to John Melville, as public administrator of Silver Bow county, and granting such letters to William Falconer, the public administrator appeals. Affirmed.

*Mr. Charles O'Donnell,* for Appellant.

*Mr. John J. McHatton,* and *Mr. T. J. Walker,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

On May 30, 1903, John Watson, otherwise known as E. L. Whitmore, died in Silver Bow county, Montana, intestate. Immediately thereupon John Melville, as public administrator of Silver Bow county, filed a petition asking for letters of administration upon his estate. Shortly thereafter one William Fal-

coner filed a like petition, as well as a protest against the issuance of letters to Melville. Supporting the petition of Falconer was a request signed by three brothers and two sisters of the decedent, residents of Scotland. These Scottish heirs requested the appointment of Falconer. Without recounting the different papers filed and steps taken, it is sufficient to say that upon a hearing of the matter the court denied the petition of Melville, and made an order granting letters of administration to Falconer. From the orders refusing to grant letters of administration to Melville and granting such letters to Falconer, Melville has appealed.

The only question presented is whether the public administrator is entitled to letters of administration in preference to the nominee of the nonresident brothers and sisters of the decedent. The question is readily answered by the statutes. Section 2430 of the Code of Civil Procedure provides that: "Administration of estate of all persons dying intestate, must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof, and they are, respectively, entitled therein in the following order: (1) The surviving husband or wife, or some competent person whom he or she may request to have appointed. (2) The children. (3) The father or mother. (4) The brothers. (5) The sisters. (6) The grandchildren. (7) The next of kin entitled to share in the distribution of the estate. (8) The public administrator. (9) A creditor. (10) Any person legally competent. If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of the estate."

Section 2434, Code of Civil Procedure, as amended (Session Laws 1899, p. 137), provides: "No person is competent or entitled to serve as administrator or administratrix who is: (1) Under the age of majority. (2) Not a *bona fide* resident of the state, but if a person otherwise entitled to serve is not a resident of the state, and either the husband, wife or child, or

parent, or brother or sister of the deceased, he may request the court or judge to appoint a resident of the state to serve as administrator, and such person may be appointed, but no other nonresident than a surviving husband, wife or child, or parent or brother or sister shall have such right to request an appointment, and the court or judge must order letters issued to the applicant entitled thereto under the provisions of this article. (3) Convicted of an infamous crime. (4) Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity."

Section 1867 of the Civil Code provides: "Resident aliens may take in all cases by succession as citizens; and no person capable of succeeding under the provisions of this title is precluded from such succession by reason of the alienage of any relative; but no nonresident foreigner can take by succession, unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession."

The nonresident brothers and sisters are entitled to succession to this estate. If they were residents of the state, they could themselves administer upon it. They are the persons most interested in it, and the law contemplates that therefore they shall have the right to nominate some person in whom they repose trust and confidence to administer it for them. Such person must be one over whom the courts of this state may have jurisdiction and surveillance. (See *In re Craigie's Estate,* 24 Mont. 37, 60 Pac. 495.)

We do not deem the authorities cited by appellant in point. Nor do we see any constitutional objection to the statutes in question. At any rate, the appellant has not pointed out any valid reasons wherein the foregoing statutes are in any wise contrary to or inhibited by the Constitution.

It follows that the orders should be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, the orders are affirmed.

Rehearing denied January 10, 1905.