IN RE KOLLER'S ESTATE. SMITH, RESPONDENT, *v.* MELZNER, APPELLANT.

· (No. 2,729.)

(Submitted November 29, 1909. Decided December 8. 1909.)

[105 Pac. 549.]

*Probate Proceedings—Public Administrators—Revocation of Letters—Foreign Heirs—Petition—Sufficiency—Evidence— Pleadings—Amendment During Trial—Discretion.*

Public Administrator—Revocation of Letters—Foreign Heirs—Petition— Sufficiency.

1. *Held,* that where the mother of an intestate who resided in a foreign country, made written request for the appointment of the person named therein, as administrator of her son's estate, but before its receipt and filing in court, letters of administration had been granted to the public administrator, such request impliedly authorized the person thus nominated to take the necessary steps to secure the removal of the public administrator, and that, therefore, it was not necessary for the petition of the nominee, asking for the revocation of letters held by the public administrator, to show on its face that the mother herself had requested revocation.

Same—Petition—Sufficiency—Waiver.

2. In the absence of an objection in the district court to the sufficiency of the allegations in a petition looking to the revocation of letters of administration, the pleading will be held sufficient on appeal.

Same—Request for Appointment—Evidence—Formal Offer—When Unnecessary.

3. Where a written request by decedent's mother, residing in a foreign country, for the appointment of a certain person as administrator of her son's estate, was entitled in the court and cause and addressed to the judge of the court—thus virtually constituting a pleading—and an affidavit as to the identity of the party making the request executed before an officer authorized to administer oaths outside of the United States, were a part of the record in the case and thus before the court, it was unnecessary to formally offer them in evidence.

Same—Pleadings—Amendment During Trial—Discretion.
    4. The court did not abuse its discretion in allowing petitioner, after the conclusion of the testimony, to file a reply denying that he was a partner of decedent during his lifetime, where during the proceedings he had orally denied such allegation in the answer, and the testimony showed that the relation of partnership did not exist, and where prejudice to defendant was not apparent.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

In the Matter of the Estate of Joseph Koller, Deceased. Paul Smith petitioned to have the appointment of A. B. Melzner as administrator revoked, and to be appointed in his stead. From an order revoking the appointment, Melzner appeals. Affirmed.

*Mr. Louis P. Donovan* submitted a brief in behalf of Appellant, and argued the cause orally.

Respondent, through *Messrs. Mattison, Cavanaugh & Poore,* filed a brief. *Mr. Miles J. Cavanaugh* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

On April 14, 1909, the district court of Silver Bow county appointed A. B. Melzner, the public administrator of the county, administrator of the estate of Joseph Koller, deceased. Koller died on the twenty-fourth day of February, 1909. On April 17, 1909, Paul Smith filed with the court a duly verified petition setting forth, on information and belief, the following matters, viz.: That the father of deceased died in the year 1885; that the sole heir of deceased was his mother, Theresa Koller, then residing in Hungary, in Europe; that deceased left no surviving wife or children. The petition also recited: "The petitioner has received from the said Theresa Koller [a] request in writing duly executed, for his appointment as * * * administrator, which request, together with due proof of the identity of said Theresa Koller, are hereto attached and are made a part of this petition and are filed with this petition." The prayer of the petition was, in substance, that the letters of

administration theretofore issued to Melzner be revoked and that letters be issued to the petitioner, Smith. Attached to the petition were the following exhibits, viz.:

"EXHIBIT A.

"[Title of Court and Cause.]

"Request for the Appointment of Administrator.

"To the Above-entitled Court, and to the Honorable Michael Donlan, Judge Thereof:

"The undersigned, Theresa Koller, respectfully shows to this court: That she is the surviving mother of Joseph Koller, deceased; * * * that said deceased was unmarried and left no surviving children; that the father of said deceased is dead, and the undersigned * * * is the only heir at law of said deceased, and as such is entitled to letters of administration upon his estate; that your petitioner is a resident of * * * Hungary, Europe, and for that reason is unable to undertake the administration of said estate, * * * but requests that Paul Smith * * * may be appointed administrator of said estate in her stead.

"[Signed]     Theresa Koller.

"Witnesses to signature:

"Michael Koller.

"Robert C. Heingartner."

"EXHIBIT B.

"[Title of Court and Cause.]

"Affidavit of Identity of Theresa Koller.

"United States Consulate-General,

"Vienna, Austria—ss.

"Michael Koller, being first duly sworn, deposes and says: That he is a resident of the county of Wiselburg, Hungary, Europe, and is of the age of thirty-six years; that he is a surviving brother of Joseph Koller who died in Butte, Silver Bow county, Montana, on or about the 24th day of February, 1909, and that he is a son of Theresa Koller, who is the mother of deceased Joseph Koller; that he saw his mother, Theresa Koller, sign the foregoing request for the appointment of administrator; that he knows of his own knowledge that the said Theresa

Koller is the surviving mother of said Joseph Koller, deceased; that the contents of the said request have been read to affiant and he is familiar with the facts therein stated, and that the same are true.

"[Signed]   MICHAEL KOLLER.

"Subscribed and sworn to before me this 29th day of March, 1909.

"[Signed]   W. A. RUBLEE,

"United States Consul General at Vienna, Austria.

"[Seal United States Consulate.]"

Melzner, as administrator, filed an answer denying every allegation of the petition, with the exception of a few formal matters of record, and alleging, as a separate affirmative reason why Smith should not be appointed, the fact that, at the time of the death of Koller, Smith was his partner. The matter was heard by the court on April 28. Before any testimony was introduced, Melzner objected to any being received, for the reason that there was no reply to the allegation that Smith was a partner of deceased. Counsel for Smith stated that no reply was necessary, but that they did orally deny the allegation and would show that Smith was not a partner. The objection was overruled, and in the course of the proceedings it was shown that Koller and Smith were not partners at the time of the death of the former, and the court so found. At the conclusion of the testimony, counsel for Melzner requested the court to make formal findings of fact and conclusions of law, whereupon counsel for Smith asked leave to file a written reply to the answer. The court stated that no reply was necessary, but granted the request, over objection of the attorneys for Melzner; and on the same day a reply was filed denying that deceased and Smith were partners. The court found all of the facts substantially as alleged in Smith's petition and reply, and entered an order revoking the letters of administration theretofore issued to Melzner, and appointing Smith administrator of the estate. From this order, an appeal was taken.

1. The first point advanced by the appellant is that the petition does not state facts sufficient to warrant the order made, for

the reason that it shows on its face that Theresa Koller did not formally request the revocation of his letters. He relies upon the provisions of section 7447, Revised Codes, which reads as follows: "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, and [any?] one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation and that letters of administration may be issued to him." The record shows that on March 29 the request, signed by her, was in Hungary. It was filed in court on April 17, three days after Melzner's appointment. As he had not been appointed when she executed the paper writing, no request for his removal could properly have been made at that time. She appears to have been diligent in invoking the powers of the court. We hold that in requesting the appointment of Smith, under the circumstances disclosed in this case, she impliedly authorized him to take the necessary steps to secure the removal of any obstacle to the exercise of her right to nominate, and that Smith properly incorporated in his petition a request for Melzner's removal. We do not understand that there is anything in the case entitled *In re Craigie's Estate,* 24 Mont. 37, 60 Pac. 495, in conflict with these views. This court in that case said: "If the appellant desired to avail himself of the right created by section 2460 [section 7447, Revised Codes], it was incumbent upon him to make it appear that at least one of the heirs and next of kin who requested him to obtain the revocation of Kenck's letters and ask letters for himself is the widow, child, father, mother, brother, or sister of the decedent. This he failed to do, and consequently did not bring himself within the terms of the only statute which confers the right to revoke letters already issued upon the ground that those nominating him are better entitled to administer than is Kenck." In that case the "heirs and next of kin" formally requested the revocation of the letters, and the point here involved was not considered. If appellant's contention be cor-

rect, then it would be necessary to return the written request to the mother, with instructions to incorporate therein an additional request that Smith include in his petition a prayer for the revocation of Melzner's letters. We are of opinion that such action would involve unnecessary delay, and, perhaps, expense, and accomplish nothing substantial.

2. Again, it is contended that there is in the petition no direct allegation that Theresa Koller is the mother of the deceased, or that she executed the alleged request. We find these allegations: "That the sole heir at law of the decedent, as your petitioner is informed and believes, is Theresa Koller, the mother of said decedent, aged sixty-one years and now residing in Hungary, Europe. * * * Your petitioner is informed and believes that said Theresa Koller, the surviving mother of said decedent, is the sole heir of decedent. * * * Your petitioner has received from said Theresa Koller such request, in writing, duly executed, * * * hereto attached and made a part of the petition." We do not find that the objections now raised were made in the court below, and, in the absence of objection there, we think the allegations are sufficiently specific to support the findings of the court.

3. Again, it is urged that the respondent failed to prove that he had received the mother's request. It is contended that proof should have been offered of its execution, and that it should have been introduced in evidence. But we cannot agree with appellant in this. The written request was entitled in the court and cause and was addressed to the judge. It was virtually a pleading. Section 7446, Revised Codes, provides that when the person entitled is a nonresident of the state, affidavits, taken *ex parte* before any officer authorized by the laws of this state to take acknowledgments and administer oaths out of this state, may be received as *prima facie* evidence of the identity of the party, if free from suspicion, and the fact is established to the satisfaction of the court. The affidavit of Michael Koller is to the effect that Theresa Koller is the mother of deceased, and that he saw her sign the written request. This testimony is apparently free from suspicion, and was taken be-

fore an officer authorized to administer oaths outside of the United States. (Revised Codes, sec. 7997.) The facts sought to be proven by the affidavit were evidently established to the satisfaction of the district court, and we see no reason to disturb its findings. The request and the affidavit accompanying the same were a part of the record in the case, and were evidently considered by the court. We think it was unnecessary to formally offer them in evidence.

4. We are of opinion that the court did not abuse its discretion in allowing the respondent to file a reply. It is unnecessary to decide whether a reply to the allegation that Smith was a partner of the deceased was required. Pleadings are simply the basis of proof. The court was of opinion that the matter was in issue without a formal reply, and petitioner assumed the burden of proving that he was not a partner. The court indicated its intention to find all the issues in his favor, whereupon, to save any question, as we suppose, he asked leave to file a reply. The matter was then in the discretion of the court, and we find no abuse of that discretion. It does not appear that appellant suffered any prejudice on account of the manner in which the proceedings were conducted. Theresa Koller, the mother of deceased, has the undoubted right to nominate an administrator of her son's estate, and we think she has proceeded in substantial conformity with the provisions of the statute.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 7, 1910.