IN RE ESTATE OF WELSCHER. HOUSTON, APPELLANT, *v.* DUDLEY, RESPONDENT.

(No. 5,954.)

(Submitted September 20, 1926. Decided October 11, 1926.)

[250 Pac. 447.]

*Executors and Administrators—Right of Nonresident Heirs to Nominate Administrator—Preference Right of Nonresident Son Over Resident Sister.*

Administrators—Right of Nonresident Heir to Nominate.
    1. Under section 10072, Revised Codes of 1921, a person who is incompetent to serve as administrator by reason of nonresidence may, if he or she fall within one of the five favored classes therein enumerated, nominate a resident to serve, the right to nominate being absolute as to all the five classes enumerated in the section, in the order of their priority.

---

1. See 11 R. C. L. 33, 36.

[77 Mont. 164.]

Same—Preference Right of Nonresident Son to. Nominate Over Resident Sister.
2. A decedent with estate in Montana left surviving her five children, two sons and two daughters resident in a foreign country and a daughter residing in Montana. Over the objections of the resident daughter who prayed for letters in her own behalf, the court appointed a resident nominee of the foreign heirs. *Held*, under sections 10068, 10069 and 10072, Revised Codes of 1921, that the action of the court was correct, the nominee of the sons being entitled to preference over their resident sister, and the court having been without discretion to do otherwise.

---

[1, 2]   Executors and Administrators, 23 C. J., sec. 92, p. 1034, n. 84; sec. 103, p. 1039, n. 33 New; sec. 113, p. 1045, n. 96; sec. 186, p. 1067, n. 12.

*Appeal from District Court, Madison County; Henry G. Rodgers, Judge.*

IN THE MATTER of the estate of Susanna Welscher, deceased. On petition of Lewis A Dudley, Public Administrator of Madison County· for letters of administration, to which Bertha Josephine Houston filed objections. Order directing issuance . of letters to petitioner affirmed.

*Messrs. Walker & Walker* and *Mr. M. M. Duncan,* for Appellant, submitted a brief; *Mr. Duncan* argued the cause orally.

*Mr. George R. Allen,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Susanna Welscher died intestate in Germany about June 1, 1922, leaving estate in Madison county, Montana. She left surviving as her sole heirs at law two sons and three daughters, all of whom reside in Germany, except Bertha Josephine Houston, who resides in Butte, Montana.

---

2. Selection of administrator from among members of class equally entitled, see note in 1 A. L. R. 1245. See, also, 11 R. C. L. 36.

The four children residing in Germany requested in writing the appointment of Lewis A. Dudley, public administrator of Madison county, as the administrator of their mother's estate, and Mr. Dudley thereupon filed his petition for letters of administration. Before the date fixed for hearing upon the petition Bertha J. Houston, hereafter called the appellant, filed written objections to the appointment of Mr. Dudley, and therewith a petition praying that she, a daughter and heir at law of decedent, and a resident of this state, be appointed administratrix. The parties, through counsel, agreed upon a statement of facts, and the matter was submitted to the court, which, after consideration, by order denied appellant's objection and petition, and directed the issuance of letters to Mr. Dudley. Hence this appeal.

The question then is: Is the nominee of nonresident sons [1, 2] and daughters entitled to letters of administration over the resident daughter?

Section 10068, Revised Codes of 1921, provides that "administration of estates of all persons dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof, and they are, respectively, entitled therein in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. 3. The father or mother. 4. The brothers. 5. The sisters." Then follow five other classes not important to the question here.

Section 10072 declares in part that—"No person is competent or entitled to serve as administrator or administratrix who is: 1. Under the age of majority. 2. Not a *bona fide* resident of the state; but if a person otherwise entitled to serve is not a resident of the state, and either the husband, wife, or child, or parent, or brother, or sister of the deceased, he may request the court or judge to appoint a resident of the state to serve as administrator, and such person may be appointed,

[77 Mont. 164.]

but no other nonresident than a surviving husband, wife, or child, or parent, or brother, or sister shall have such right to request an appointment, and the court or judge must order letters issued to the applicant entitled thereto under the provisions of this chapter.'' (The scope of this section, while not affecting the merits of that case, seems to have been overlooked in *Melzner* v. *Trucano,* 51 Mont. 18, 149 Pac. 365.)

Under both sections the surviving husband or wife, resident or nonresident, has the right to control *in limine* the administration of, and therefore to nominate a competent person to administer upon, the estate of the deceased spouse. (*In re Blackburn's Estate,* 48 Mont. 179, 137 Pac. 381; *In re Koller's Estate,* 40 Mont. 137, 105 Pac. 549; *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741; *In re McLure's Estate,* 63 Mont. 536, 208 Pac. 900.) Under section 10072 next in order after the surviving husband or wife follow as favored classes those mentioned in section 10068 and in the same order of preference: the children, parents, brothers, sisters.

Unless a person is a *bona fide* resident of this state that person is not competent to serve as administrator but he may, if within the favor of section 10072, being incompetent by nonresidence only, request the appointment of a resident and letters must be issued to such resident, if the nominee be a competent person. (*In re Watson's Estate,* 31 Mont. 438, 78 Pac. 702; *In re Craigie's Estate,* 24 Mont. 37, 60 Pac. 495.) The right to nominate under section 10072 is absolute as to all the favored classes therein mentioned in the order of their priority.

The nonresident sons and daughters of Susanna Welscher, together with the appellant, are entitled to succeed to her estate. If all were residents of this state, the sons would be entitled to preference over the daughters, for section 10069 provides that ''of several persons claiming and equally entitled to administer, males must be preferred to females, and relatives of the whole to those of the half blood.''

We borrowed sections 10068 and 10069 from California; these sections correspond respectively to California's sections 1365 and 1366, and were construed by the supreme court of that state in the case of *In re Coan's Estate*, 132 Cal. 401, 64 Pac. 691. It was there held that section 1365 is qualified by 1366, and in a contest between brother and sister as to which is entitled to administer they cannot be treated as "several persons equally entitled to administer," but the son is entitled to preference. The court declared section 1366 to be mandatory by its terms, and said: "It being found that the one was a son and the other a daughter of the deceased, the order should have directed letters to issue to the son alone, as the court had no discretion to do otherwise, under the terms of the statute."

The mere matter of residence clearly is not controlling. If it were, the nominee of a surviving wife, a nonresident, could not prevail over the application of the husband's brother, a resident; and the nominee of a nonresident brother of the decedent would prevail over a resident nephew of the decedent. If Mr. Dudley were the nominee of the nonresident surviving husband of Susanna Welscher it would not be contended for a moment that he (the nominee of the husband) should not prevail over the resident appellant. The logic of the situation then is that under the construction which must be given to sections 10068, 10069 and 10072, taken together, the sons of Susanna Welscher have a right to nominate a resident of Montana to serve as administrator of their mother's estate, and their nominee is entitled to preference over their resident sister.

As this case is ruled by section 10072, the decision in *Estate of Myers*, 9 Cal. App. 694, 100 Pac. 713, is not in point here. In that case all the claimants were daughters of the deceased and equally entitled to letters of administration.

California has no section similar to our 10072, and section 10082, Revised Codes of 1921, even if not controlled by section 10072, is not applicable to the point in issue.

[77 Mont. 164.]

The action of the lower court was correct; it had no discretion but to appoint the nominee of the sons in Germany. If, however, a discretion had been reposed in the court as to whether it should have appointed the appellant or the nominee of the sons and daughters in Germany, we should not disturb the court's order, in the absence of a clear showing of an abuse of discretion. (*Estate of Healy*, 122 Cal. 162, 54 Pac. 736; *Estate of Harrison*, 135 Cal. 7, 66 Pac. 846; *Estate of Myers, supra.*) It is plain that the sons and daughters in Germany do not desire their sister to administer upon this estate. They are entitled to four-fifths of the estate and if it could be held that these five heirs are equally members of the same class, the court might take the view that among members of a class otherwise equally entitled "the strongest ground for preference is the preponderance of interest, either in person or by recommendation." (*Re McMurray*, 256 Pa. 233, 1 A. L. R. 1242, 100 Atl. 798; note on page 1248, and cases cited.)

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES GALEN and STARK and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE MATTHEWS not sitting.