CONSUELO MARTÍNEZ, Petitioner and Appellant, *v.* JUAN B. HUYKE, Commissioner of Education, Respondent and Appellee.

No. 4845. Argued November 8, 1929.—Decided July 8, 1930.

*M. Tous Soto* for appellant. *James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellant herein applied to the court below for a writ of mandamus directed to the Commissioner of Education of this Island, which was denied.

She alleged in her petition that she had taught as graded teacher in the public schools of this city and that in the years

preceding the filing of her petition she had been given the highest rating; that her name had been submitted for a position as teacher in one of the schools of San Juan and that the Commissioner of Education had refused to approve her appointment without any justification on the ground of public interest and without stating the reasons for his refusal, notwithstanding the fact that she was entitled to the appointment in view of her previous contracts with the School Director of San Juan which had been approved by the Commissioner of Education, the rating given her by the respondent, and a certain rule issued by him on April 10, 1928.

Our present Organic Act, approved in 1917 by the President of the United States, provides by its section 17 as follows:

"That the commissioner of education shall superintend public instruction throughout Puerto Rico; all proposed disbursements on account thereof must be approved by him, and all courses of study shall be prepared by him, subject to disapproval by the governor if he desires to act. He shall prepare rules governing the selection of teachers, and appointments of teachers by local school boards shall be subject to his approval, and he shall perform such other duties, not inconsistent with this Act, as may be prescribed by law."

According to that section the Commissioner of Education shall superintend public instruction throughout the Island, and the appointments of teachers by local school boards shall be subject to his approval. Both these provisions are related, because in order to be able to exercise the power vested in him to superintend public instruction, he is given the power to approve the appointments of teachers by local school boards, without any express limitation or restriction, as the law assumes that he will act in furtherance of the highest interests of education in this Island. In the present case he is not charged with having abused the power vested in him. The power of approval includes the exercise of discretion. In *State* v. *Smith*, 24 Mont. 44, 57 Pac. 449, 451, it was said: "The expression 'shall be subject to the approval,' implies

that there may be a disapproval. The word 'approve' means 'to pronounce good; think or judge well.'" The power of approval involves the idea of discretion. *Cosner v. Colussa County,* 58 Cal. 274, 277. In those cases where approval is required, such approval carries with it the exercise of discretion and judgment. Therefore, the power vested by law in the Commissioner of Education to approve the appointments of teachers made by local school boards is discretionary, and hence can not be controlled by the courts. Otherwise the Commissioner would be deprived of the power in question, and he would be bound to approve all the appointments of teachers made by school boards.

The contention of the appellant that under a rule issued by the Commissioner of Education she is entitled to have her appointment as teacher approved by the respondent because appellant has taught in the same municipality and in the same kind of school during the next preceding year and prior thereto with a higher rating than "Good", can not take away from the Commissioner the discretionary power vested in him by the Act. Besides, the rule invoked expressly provides that nothing therein shall be construed as limiting or denying the right of the Commissioner of Education to reject, on the ground of public interest, the appointment of any teacher regardless of the rating of such teacher. It is urged that no reason of public interest was involved in the failure to approve the said appointment, and that the Commissioner has not stated any. The Commissioner is not bound to state the reasons for his action, and it must be assumed that in disapproving the said appointment in the exercise of his power he did so in furtherance of the public interest.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.