Consuelo Martínez, demandante y apelante, *v.* Juan B. Huyke, Comisionado de Instrucción, demandado y apelado.

No 4845.—*Sometido:* Noviembre 8, 1929. *Resuelto:* Julio 8, 1930.

*M. Tous Soto,* abogado de la apelante; *Attorney General James R. Beverley* y *Felipe Janer, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La petición de la apelante para que se librara un auto de *mandamus* contra el Comisionado de Instrucción de esta Isla fué negada por la corte inferior.

Alegó en ella que desde 1912 ha ejercido como maestra graduada en las escuelas públicas de esta ciudad, habiendo sido clasificada el año anterior a su petición y en los precedentes con la calificación más alta: que ha sido propuesta como una de las maestras de las escuelas de San Juan y que el Comisionado de Instrucción se ha negado a aprobar su nombramiento, sin que exista motivo alguno de interés público ni haya expuesto hecho alguno determinante de su actuación, a pesar de que tiene derecho al nombramiento por sus contratos anteriores con el Director Escolar de San Juan aprobados por el Comisionado de Instrucción, de su clasificación por el demandado y de cierta regla del mismo de 10 de abril, 1928.

■ Nuestra vigente Carta Orgánica, aprobada en 1917 por el Presidente de los Estados Unidos, dispone en su artículo 17 lo que sigue:

"El Comisionado de Instrucción dirigirá la instrucción pública en toda la Isla; todo desembolso propuesto por cuenta de la misma deberá ser aprobado por él, y preparará todos los cursos de estudio, con sujeción a la desaprobación del Gobernador si éste deseare intervenir. Preparará reglamentos para la selección de maestros, y los nombramientos de maestros por las juntas escolares estarán sujetos a su aprobación, y desempeñará los demás deberes, no incompatibles con esta Ley, que se le asignaren por ley."

De acuerdo con ese texto legal el Comisionado de Instrucción dirigirá (*shall superintend*) la enseñanza pública en toda la Isla y los nombramientos de maestros por las juntas escolares estarán sujetos a su aprobación. Ambos conceptos están relacionados, pues para que pueda cumplir la facultad que se le concede de dirigir la enseñanza pública se le otorga la facultad de aprobar los nombramientos de maestros que

hagan las juntas escolares, sin que se consignen limitaciones ni restricciones específicas, porque la ley supone que ha de actuar en beneficio de la mejor dirección de la instrucción en esta Isla. En este caso no se alega que él haya hecho un mal uso del poder que le ha sido conferido. La facultad de aprobar envuelve el uso de discreción. En el caso de *State* v. *Smith,* 24 Mont. 44, 57 Pac. 449, se ha dicho: "La expresión 'estará sujeto a la aprobación' significa que puede hacer una desaprobación. La palabra 'aprobar' significa resolver bien: pensar y resolver bien una cosa." La facultad de aprobar envuelve la idea de discreción. *Cosme* v. *Colusa County,* 58 Cal. 274. En los casos en que se requiere aprobación ésta lleva consigo el ejercicio de discreción y juicio. Por consiguiente la facultad conferida por la ley al Comisionado de Instrucción para aprobar los nombramientos de maestros que hagan las juntas escolares es discrecional y por esto no puede ser gobernada por los tribunales de justicia. Lo contrario sería privar al Comisionado de la expresada facultad y significaría que tuviera que aprobar necesariamente los nombramientos de maestros que hicieren las juntas escolares.

La alegación de la apelante de que según una regla dictada por el Comisionado de Instrucción tiene derecho a que su nombramiento de maestra sea aprobado por el demandado porque la apelante ha servido en la misma municipalidad y en la misma categoría de escuela durante el año anterior y otros con notas superiores a la de "Bueno" no puede privar al Comisionado de la facultad discrecional que la ley le confiere; aparte de que en la misma regla que se invoca se dice que nada de lo contenido en ella se entenderá en el sentido de limitar o negar el derecho del Comisionado de Instrucción a rechazar el nombramiento de cualquier maestro sobre la base de interés público, sin atender a la clasificación del maestro. Se alega que no existía motivo alguno de interés público para no aprobar el nombramiento y que éste no ha sido expresado por el Comisionado. No

tiene el Comisionado el deber de expresar el motivo, y hay que suponer que al ejercitar su facultad desaprobando el nombramiento lo hizo en beneficio del interés público.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.