IN RE MAPES' ESTATE. POIRIER, RESPONDENT, *v.* VINTON, APPELLANT.

(No. 8,202.)

(Submitted November 5, 1941. Decided November 8, 1941.)

[118 Pac. (2d) 755.]

*Mr. Emmet O'Sullivan,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. John W. Black,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from the order of the district court for Wheatland county appointing the respondent administrator of the estate of George Mapes, deceased. From the record these facts appear:

That the deceased died on October 17, 1940, and that immediately upon his death respondent notified decedent's sister, Verna Anderson, of Glenwood, Minnesota, and decedent's brother, Clarence Mapes, of Stanwood, Michigan, of decedent's death, with a request that he be authorized to take charge of the body and property of the decedent. The court admitted in evidence telegrams from the brother and sister authorizing respondent to proceed in accordance with his request. A petition dated October 21, 1940, was made by respondent for letters of administration of the estate of the decedent, and in that petition he asserted his right to letters by reason of the fact that he is public administrator of Wheatland county, "and by virtue of a request that he take charge of the estate from decedent's brother." This petition was set for hearing on November 1.

There appears in the record an instrument bearing the signature of the sister, Verna Anderson, dated October 26, requesting the appointment of appellant Vinton, but this instrument bears no acknowledgment. Appellant objected to respondent's appointment by an instrument dated October 31, 1940, and on the same date he made application for letters of administration based upon the nomination by the sister above referred to. Hearing on the two petitions, as provided by section 10077, Revised Codes, was set for November 30. Prior to that time appellant filed a praecipe for default, and default was entered on November 27, based upon respondent's failure to answer appellant's objection to his appointment as administrator. Upon the hearing the praecipe for default and default were stricken.

552

At the time of respondent's application for letters, no instrument in writing was filed nominating him as administrator, but at the time of the trial, in addition to the telegrams heretofore referred to, he presented to the court an instrument in writing bearing date of October 22 and bearing the name "Clarence Mapcs" and acknowledged before a notary public, nominating the respondent. Some contention is made by the appellant that no notary seal appears on this instrument. While the seal is indistinct, yet an examination of the document reveals its presence.

At the time of the hearing respondent also presented an instrument dated November 25, bearing the signature of Verna Anderson and acknowledged, which purported to nominate respondent and at the same time to revoke the nomination of appellant. Upon the hearing oral testimony was introduced to show that Verna Anderson and Clarence Mapes were the sister and brother, respectively, of the deceased, that their residences were as heretofore set out, and the various telegrams were presented to the court.

A long brief has been filed by appellant, and there are many specifications of error. The only question that need be determined concerns whether or not respondent was properly appointed, since under section 10068, Revised Codes, the brother had a prior right to the letters and, therefore, had a prior right to nominate an administrator where both the brother and sister are nonresidents of the state. (*In re Estate of Welscher*, 77 Mont. 164, 250 Pac. 447.) And, therefore, we need not consider whether or not appellant was a party interested in the estate so that he was properly entitled to appear in this matter, whether or not he was sufficiently nominated as administrator by Verna Anderson; and further we need not consider the revocation by her of this nomination and her nomination of respondent, as the court based its order appointing respondent on the nomination of Clarence Mapes alone.

It is first urged by the appellant that respondent petitioned for letters as public administrator, and that his proof

was that he was entitled to letters because of his nomination by decedent's brother, and that this was a fatal variance. An examination of the petition and of the proceedings had would seem to indicate that the recital that respondent was public administrator was for the purpose of showing his general personal qualifications for the position.

It is next urged that the court improperly considered the instrument dated October 22, bearing the signature of Clarence Mapes, nominating respondent upon the theory that such nomination must be filed at the time the petition for letters is made. We can find nothing in the statute (sec. 10082, Rev. Codes) which seems to contemplate this result. The statute merely requires that the nomination be in writing and that it be filed with the court. Appellant relies upon the case of *Melzner* v. *Trucano*, 51 Mont. 18, 149 Pac. 365, and the following language in that opinion: "Under the latter section [now sec. 10082] the request must be filed in the court. Nowhere is it made to appear that this was done and no copy of the request is attached to the petition; hence it cannot in strictness be said that any request was before the court." The decision in that case turns upon the fact that the nomination was not filed at all, and not upon the fact that it was not filed at the time of the application.

We are impressed by what this court said in *In re Koller's Estate*, 40 Mont. 137, 105 Pac. 549. There it appeared that the one entitled to nominate resided in Hungary. She executed an instrument nominating one Smith to act as administrator. Prior to the time the instrument of nomination was received by him, the public administrator Melzner had been given letters. Smith made application for the revocation of the appointment of Melzner, attaching to his petition the nomination he had received from the person entitled to nominate but no request for the revocation executed by that person as provided in the statute. Objection was made that such a request must appear with the petition and be filed at the same time. This court held otherwise, saying: "If appellant's contention be correct, then it would be necessary to return the written request to the

mother [the one entitled to nominate] with instructions to incorporate therein an additional request that Smith include in his petition a prayer for the revocation of Melzner's letters. We are of the opinion that such action would involve unnecessary delay, and, perhaps, expense, and accomplish nothing substantial."

In this case, were appellant's contention sustained, it would be necessary for the respondent to have delayed petitioning for letters of administration until the formal request was received, and it would be now necessary, if we were to uphold that contention, for us to set aside the action in the trial court and make necessary the refiling of the application. This is a result not required by the statute nor by reason. At the time the hearing was had, the nomination was on file and before the court. The petition alleged the request of the one entitled to nominate, and no error was committed by the court on this point.

It is next contended that the instrument in question nominating respondent should not have been admitted in evidence for the reason that the identity of the signer was not established, by reason of the failure to produce an affidavit as contemplated by section 10082, which, in general, provides that when the person entitled to letters is outside of the state, affidavits may be received as prima facie evidence of the identity of that person. It is appellant's view that this is the exclusive method for such proof. With this view we do not agree. A reading of the statute indicates that it is not contemplated that this method should be exclusive. We think the instrument was admissible under section 10596, Revised Codes, since it was acknowledged, and by reason of oral testimony tending to identify the signer Clarence Mapes. There was sufficient evidence before the court to establish the identity of Clarence Mapes, and, under section 10596, of the execution of the instrument in question. The court, within its discretion, properly admitted the instrument in evidence.

Much argument appears relative to the admission of the telegrams heretofore adverted to. No discussion of them is

necessary, as, even without them, sufficient proof was presented to the court so that, within its discretion, it might properly appoint the respondent. However, in passing, we may say that we do not believe the court erred in admitting them.

Appellant next urges that the court erred in striking the ▮ praecipe for default and the default. His argument is based on the erroneous assumption that under the provisions of section 10365, Revised Codes, "except as otherwise provided in sections 10018 to 10464 of this Code, the provisions of section 9008 to 9832 of this Code are applicable to and constitute the rules of practice in" probate proceedings, an answer was necessary to the objections to the petition for the appointment of respondent. This section of the Codes specifically provides that those rules of practice only apply when no other provision as to practice and procedure is contained in the provisions as to the probate of estates. A reading of section 10077 and 10078 indicates clearly a method of procedure which does not contemplate an answer to the petition for probate. These sections provide that the contesting application and the petition must be set down for hearing and heard together, and it is abundantly clear that no pleading in the nature of an answer, as contended for by appellant, is required.

In the view we take of this matter, discussion of other specifications of error urged is unnecesary.

An examination of the proceedings herein indicates full compliance with the statutes, a careful consideration by the court of the applications of both appellant and respondent, due consideration for the rights of those actually interested in the estate, and the appointment of the respondent as administrator pursuant to the nomination of the person first entitled to make that nomination, and in accordance with the expressed wish of both of the heirs at law of the decedent.

There being no error, the order is affirmed.

Mr. Chief Justice Johnson and Associate Justices Angstman, Anderson and Morris concur.