[No. 15413. Department Two.—December 1, 1893.]

IN THE MATTER OF THE ESTATE OF DANIEL J. BERGIN, DECEASED.

ESTATES OF DECEASED PERSONS—PROBATE OF FOREIGN WILL—PETITIONS OF DEVISEE AND PUBLIC ADMINISTRATOR.—Where a citizen and resident of this state, named as devisee in a will which has been duly probated in the proper court of a foreign country, presents an authenticated copy of the will for probate together with a petition that the will be admitted to probate in the county where the deceased left some personal property, and that letters of administration with the will annexed be issued to him, he is properly entitled to such letters; and a petition of the public administrator for the issuance of letters of administration to himself should be denied.

ID.—CONSTRUCTION OF CODE—RIGHTS OF PERSON INTERESTED IN FOREIGN WILL.—That part of the Code of Civil Procedure embracing sections 1322 to 1324 inclusive, under the head of "Probate of Foreign Wills," deals specially with the subject matter of foreign wills, and must prevail over all conflicting provisions as to all matters and questions arising out of that subject matter; and under these provisions letters of administration must be granted to any "person interested in the will" who applies for them, in the absence of a petition by the executors.

ID.—RIGHT OF PUBLIC ADMINISTRATOR—QUESTION NOT DECIDED.—The question whether a public administrator would, under any circumstances, be entitled to letters of administration in case of a foreign will is undecided, and must be considered an open question.

APPEAL from orders of the Superior Court of the City and County of San Francisco granting and refusing petitions for letters of administration.

The facts are stated in the opinion of the court.

*Herbert Choynski,* for Appellant.

*T. I. Bergin,* for Respondent.

McFARLAND, J.—Daniel J. Bergin, deceased, died in March, 1892, in the city of Dublin, Ireland, leaving a last will, which was duly probated in the proper court of that country. He left some personal property in the city and county of San Francisco, California. By said will certain persons were appointed executors, and the respondent herein, Thomas I. Bergin, who is a citizen and resident of San Francisco, in the state of California, was named as a devisee. The said respondent produced and filed with the superior court of the city and county of San Francisco an authenticated copy of said will and probate, together with a petition that the same be admitted to probate here, and that letters of administration with the will annexed be issued to him. Afterwards, A. C. Freese, public administrator of said city and county, also filed a petition for the probate of said will, and for the issuance of letters of administration to him. The court, after a hearing of both petitions, admitted the will to probate, ordered that letters be granted to said Thomas I. Bergin, and denied the petition of Freese; and from these orders Freese appeals.

We are satisfied that the ruling of the lower court was correct. The part of the code which governs this case is found in article III, chapter 2, title XI, part III, of the Code of Civil Procedure, embracing sections 1322 to 1324 inclusive, under the head of "Probate of Foreign Wills." It is there provided that an authenticated copy of the will, and of its probate in the foreign country, "shall be produced by the executor or other person interested in the will, *with a petition for letters;*"

and that, after proper notice and proofs, there shall be "letters *testamentary*, or of administration, issued thereon." Said article III deals specially with the subject matter of foreign wills, and it must prevail over all conflicting provisions "as to all matters and questions arising out of the subject matter of such article." (Pol. Code, sec. 4483.) By that chapter it is clearly provided that letters testamentary must be granted to the executor upon his petition, for letters *testamentary* could be granted only to an executor; and we think it also clear that under the provisions of said chapter letters "of administration" must be granted to a "person interested in the will" who applies for them, in the absence of a petition by the executors. None of the cases relied on by appellant involved in any way a foreign will, except *Estate of Beech*, 63 Cal. 458, and *In re Garber*, 74 Cal. 338; and the only matter passed upon in those cases was the general right of a nonresident to nominate an administrator. The very question involved in the case at bar was not before the court in those cases, because here the respondent, who applied in his own right, was a citizen and resident in California; and there was no reference in the opinions of the court in those cases to said chapter III, or any discussion of the point at issue in the case at bar.

We do not desire, however, to have this opinion taken as assuming that a public administrator would, under any circumstances, be entitled to letters of administration in a case of a foreign will. That matter was clearly not in the mind of the court in any of the cases cited; and whether or not the general provisions of the code about public administrators refer only to the estates of persons dying in their counties, and to domestic wills, must be considered an open question.

Orders appealed from affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.