[S. F. No. 1150.   Department One.—March 23, 1898.]

In the Matter of the Estate of GEORGE M. RICHARDSON, Deceased.   E. R. McGILVARY, Appellant, v. WILLIAM H. KNIGHT, Respondent.

ESTATES OF DECEASED PERSONS—FOREIGN WILL—RIGHT TO LETTERS.—Where a will proved in another state is afterward proved in this state by filing a duly authenticated copy of the will and of its probate, the executor named in the will, though a nonresident of the state, is entitled upon his application therefor to letters testamentary if he is in this state; but, in default of application therefor by such executor, or by a devisee resident in this state, who is entitled to act as administrator, there is no statutory provision requiring the court to appoint the nominee of such executor or of any resident devisee. Section 1379 of the Code of Civil Procedure places the appointment of the nominee of the person entitled to administration in such case in the discretion of the court, and the court has discretion to appoint the public administrator, instead of such nominee.

ID.—PUBLIC ADMINISTRATOR—PLACE OF DEATH IMMATERIAL.—The court is not limited, in appointing the public administrator to take charge of an estate, to the estates of such persons as die within his county, but he is competent to administer upon the estate within his county of any decedent, irrespective of the place of his death.

APPEAL from an order of the Superior Court of Alameda County denying appellant's petition, and granting respondent's petition for letters of administration with the will annexed. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

John B. Mhoon, and W. W. Guth, for Appellant.

Frederick E. Whitney, and Reed & Nusbaumer, for Respondent.

HARRISON, J.—The deceased was for many years a professor of Latin in the University of California, and a resident of the county of Alameda. In April, 1896, he obtained leave of absence for a year for the purpose of pursuing archaeological studies in Greece, and died at Athens on the eleventh day of December, of that year. At the time of his death he was unmarried, and left no heir or next of kin in this state. After leaving this state, he executed his last will and testament at Hartford, in the state of Connecticut, May 16, 1896, which was admitted to probate by the probate court of Suffolk county, in the state of Massachusetts, and F. J. Stinson, who was nominated in the will, was appointed executor thereof. By the will of the deceased, the regents of the University of California were made one of his devisees, and on February 23, 1897, in pursuance of a resolution of that body requesting his appointment, the appellant filed in the superior court for the county of Alameda a duly authenticated copy of the will and of its probate, together with a petition for the issuance to him of letters of administration with the will annexed. Stinson, the executor appointed by the probate court in Massachusetts, is a resident of that state, and while this petition was before the court a request from him for the appointment of the appellant was also presented to the court. The respondent is the public administrator of the county of Alameda, and filed a petition for the issuance to him of letters of administration of the estate with the will annexed. The two petitions were heard together, and the court granted that of the respondent and denied that of the appellant. From this order the present appeal has been taken.

Sections 1322-24 of the Code of Civil Procedure provide for the admission to probate of a will that has been duly proved and allowed in any other of the United States, by filing a duly authenticated copy of said will and of its probate and that, when so admitted to probate, letters testamentary or of administration

shall be issued thereon. The proceedings for the admission of a will to probate, and for the issuance of letters of administration with the will annexed upon the estate of the decedent, are distinct in their nature, and the procedure for each proceeding is to be followed as prescribed therefor by the code. The naming of an executor is ordinarily a part of a will, and, in the absence of any objection to his competency, an order admitting the will to probate includes his right to have letters testamentary issued to him. (Code Civ. Proc., sec. 1349.) If, however, the executor who is appointed is incompetent or fails to apply for letters, letters of administration with the will annexed must be issued "as designated and provided for the grant of letters in cases of intestacy." (Code Civ. Proc., sec. 1350.) It was held in *Estate of Bergin*, 100 Cal. 376, that under section 1323, upon the admission to probate in this state of the copy of a will that had been admitted to probate in another jurisdiction, a citizen and resident of this state who is named therein as a devisee is entitled to letters of administration therein upon the ground that he is "a person interested in the will." The appellant herein is not "a person interested in the will," but bases his claim to letters upon the request of the regents of the University of California, one of the devisees therein, and also upon the request of the executor appointed in Massachusetts. The executor, although a nonresident of the state, could have made application for the issuance of letters testamentary to himself *(Estate of Brown*, 80 Cal. 381), but there is no provision in the statute giving him the right to nominate an administrator with the will annexed. *(Estate of Beech*, 63 Cal. 458.) It was admitted in the court below that the regents of the University of California were not entitled to act as executor or administrator of the estate, and, although that body is "interested in the will," there is no provision in the code requiring the court to appoint its nominee. The provision of section 1379 of the Code of Civil Procedure, "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court," does not require the court to appoint the nominee of the person entitled, as it is required to do under section 1365 in the case of the nominee of the surviving husband or wife, but places the

appointment in the discretion of the court. (*Estate of Dorris,* 93 Cal. 611; *Estate of Bedell,* 97 Cal. 339.)

The court is not limited in appointing the public administrator to take charge of an estate to the estates of such persons as die within his county, but he is competent to administer upon the estate within his county of any decedent, irrespective of the place of his death. (*Estate of Hickman,* 101 Cal. 609.)

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.