[L. A. No. 473. Department Two.—April 14, 1899.]

In the Matter of the Estate of WILLIAM ENGLE, Deceased. FRANK M. KELSEY, Public Administrator, Appellant, v. J. M. GRIFFITH, Respondent.

ESTATES OF DECEASED PERSONS—PROBATE OF FOREIGN WILL—ASSIGNMENT BY DEVISEE—RIGHT TO LETTERS.—Upon the probate of a will in this state, which had been duly admitted to probate in a territory of which the deceased was a resident, one living in this state who is an assignee of part of the interest of the nonresident sole devisee and executor of the will is entitled to letters testamentary, as being a person interested in the will, in preference to the public administrator.

APPEAL from an order of the Superior Court of Los Angeles County appointing an administrator with the will annexed, and denying letters of administration to the public administrator. W. H. Clark, Judge.

The facts are stated in the opinion.

Flint & Barker, for Appellant.

Graves, O'Melveny & Shankland, for Respondent.

GRAY, C.—William Engle died in the county of Riverside, state of California. At the time of his death he was a resident of the territory of Arizona, and had seven hundred and twenty-nine dollars and ninety-six cents deposited in a Los Angeles savings bank, and also held a note for eight thousand five hundred dollars, secured by a mortgage on real property situated in the city and county of Los Angeles. The deceased left a will in which he made C. S. Engle, a resident of Chicago, Illinois, his sole devisee, and appointed him sole executor of the will.

This will was duly admitted to probate in the territory of Arizona. C. S. Engle granted a one-tenth interest in the property of the estate, situated in Los Angeles, to the respondent Griffith, who is a resident of Los Angeles; and thereafter the respondent presented to the superior court and filed therein a copy of said will and the probate thereof, duly authenticated, together with a written assignment of C. S. Engle to respondent of the one-tenth interest aforesaid, claimed to be interested in said will, and petitioned the said court to admit the will to probate and issue to him letters of administration with the will annexed. Subsequently, the public administrator of Los Angeles county, Frank M. Kelsey, also filed a petition for the probate of said will and for the issuance of letters of administration to him. Both the petitions were heard together, the court admitted the will to probate, found that said Griffith was interested in said will, ordered that letters with the will annexed be granted to him, and denied the petition of Kelsey; and Kelsey, the public administrator, appeals from these orders.

The assignment to the respondent by the devisee of an undivided one-tenth interest in the Los Angeles property of decedent vested in him all the interest in the will that the devisee had by virtue of being the owner of that one-tenth interest. If, then, the devisee was interested in the will within the meaning of section 1323 of the Code of Civil Procedure, so as to entitle him to letters of administration as against the public administrator, it follows that his assignee, who is the respondent in this case, is likewise entitled to letters in preference to the public administrator.

The right of the devisee as against the public administrator in a case of exactly the same character as this was determined

in *In re Bergin*, 100 Cal. 376. This court held in that case that on the probate of a foreign will in this state, in the absence of a petition by the executor named in the will, letters of administration must be granted to a person interested in the will who applies for them. The rule and reasoning of *In re Bergin*, *supra*, clearly supports the decision of the trial court in this matter, and on the authority of that case we advise that the orders appealed from be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are affirmed.

Henshaw, J., Temple, J., McFarland, J.