[S. F. No. 2153.   Department One. — April 5, 1901.]

In the Matter of the Estate of MARY ELIZABETH COAN, Deceased.   J. W. COAN, Appellant.   MRS. CATHERINE EUBANK et al., Respondents.

ESTATES OF DECEASED PERSONS — RIGHT OF ADMINISTRATION — PREFERENCE OF SON OVER DAUGHTERS — MANDATORY STATUTE — JOINT LETTERS NOT PERMISSIBLE. — Section 1365 of the Code of Civil Procedure, placing children of the deceased second in the list of persons entitled to administer, is qualified by section 1366 of that code, preferring males to females, which is mandatory in its terms. A son is entitled to letters of administration, to the exclusion of a daughter; and it is error to grant joint letters to them as being equally entitled thereto.

ID. — CONSTRUCTION OF CODE — FOREIGN WILLS. — The provisions of section 1350 of the Code of Civil Procedure, in relation to the issuance of letters of administration with the will annexed, where the executor is incompetent, or fails to apply, etc., "as designated and provided for the grant of letters in cases of intestacy," include such administration under foreign wills. The provisions of the code relative to the probate of foreign wills are not to be construed independently of the other provisions of the code relating to the right of administration as between persons interested in the will.

APPEAL from an order of the Superior Court of Monterey County granting letters of administration with the will annexed.   N. A. Dorn, Judge.

The facts are stated in the opinion.

CXXXII. Cal.— 26

W. M. Pence, and Fred. A. Treat, for Appellant.

Daugherty & Lacey, for Respondents.

GRAY, C. — At her death, deceased was a resident of Pennsylvania, and left a will, in which she appointed "Adam Keller, of Carlisle, Pa.," as executor. This will was duly probated in said state. As shown by the findings in this matter, J. W. Coan was the son and Mrs. Catherine Eubank was the daughter of deceased. Both of them were residents of California, and both entitled to succeed to a portion of the personal estate of said deceased under the terms of her said will. Said J. W. Coan petitioned for letters of administration with the will annexed on the mother's estate. Mrs. Eubank also petitioned for letters to herself or the public administrator, and her three non-resident sisters, also interested in the estate, joined her in this petition. Coan filed an opposition to the appointment of either his sister or the public administrator, and, after hearing all these matters together, the court found that Coan and his sister were equally entitled to letters, and ordered that the will be admitted to probate, and that letters of administration with the will annexed issue to both Coan and his sister, Mrs. Eubank.

Coan appeals from that part of the order in favor of Mrs. Eubank.

Section 1365 of the Code of Civil Procedure places "the children" second in the list of those entitled to administer. If there were no other provisions concerning the matter, it would seem from the section cited that all the children, when entitled to succeed to the personal estate of the deceased parent, are equally entitled to letters; but this section is qualified by the next section (sec. 1366), which provides that, "of several persons claiming and equally entitled to administer, males must be preferred to females, and relatives of the whole to the half blood." The way to prefer one to the other is to appoint the one and exclude the other; the way not to prefer either is to appoint both, as was done in this case. The section quoted is mandatory by its terms, and it is plain that if any effect is to be given to it, a brother and sister are not equally entitled to administer, and cannot, in a contest, be treated as "several persons equally entitled to administer," and be both appointed, under the provisions of section 1367 of the Code of Civil Procedure.

The finding that the brother and sister were equally entitled was merely an erroneous conclusion of law. It being found that the one was a son and the other a daughter of the deceased, the order should have directed letters to issue to the son alone, as the court had no discretion to do otherwise, under the terms of the statute.

It will be presumed that the appellant is entitled to administer, because it has been so adjudged by the trial court, and no appeal from that adjudication is before us. That question, then, must be treated as settled for all purposes of this case. If he is entitled to administer at all, he is entitled to be appointed sole administrator, and is therefore aggrieved by the appointment of the respondent, and may appeal from the order appointing her.

It is contended by respondent that the sections of the code relating to the probate of foreign wills (Code Civ. Proc., secs. 1322–1324) should be construed independently of the other provisions of the code, or as she expresses it, those sections "are a law unto themselves, and are not affected by sections 1365 et seq." This contention cannot be maintained. Section 1350 of the Code of Civil Procedure provides that if the executor named in the will is incompetent, or fails to apply, etc., "letters of administration with the will annexed must be issued as designated and provided for the grant of letters in cases of intestacy." The section just quoted from is not restricted to any class of wills, and it certainly must include foreign wills in its provisions. The "cases of intestacy" referred to in said section 1350 are provided for in said sections 1365 et seq. It seems, therefore, beyond question that these sections apply to the probate of a foreign will where, as in this case, the controversy as to who shall administer is between parties *interested in the will*.

In *Estate of Engle*, 124 Cal. 292, and in *In re Bergin*, 100 Cal. 376, the contest for letters was in each case between one interested in the will and the public administrator, who had no interest in the will or in the estate; and in this respect, at least, these cases are to be distinguished from the case now before us.

We advise that the order appealed from be reversed and that the trial court be directed to enter an order on the findings in accordance with the views herein expressed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the trial court directed to enter an order on the findings in accordance with the views herein expressed.            Harrison, J., Garoutte, J., Van Dyke, J.