[S. F. No. 2688.   Department Two.—December 5, 1901.]

In the Matter of the Estate of MATILDA C. HARRISON, Deceased. P. BOLAND, Public Administrator, etc., Appellant. HENRY P. UMBSEN, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—APPOINTMENT OF ADMINISTRATOR—NOMINEE OF FOREIGN EXECUTOR—PUBLIC ADMINISTRATOR—DISCRETION OF COURT.—A foreign executor, though having the right to apply for letters testamentary in this state to himself, has no legal right to nominate an administrator with the will annexed; but where he joined in the petition of his nominee, upon the filing of an authenticated copy of the will, and requested his appointment, the court had discretionary power to appoint him, and was not legally bound to appoint the public administrator.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing an administrator with the will annexed. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, for Appellant.

Z. U. Dodge, for Respondent.

HENSHAW, J.—Deceased died in the state of Virginia, leaving a last will and testament, which was admitted to probate in that state, and letters testamentary thereon were issued to one A. B. Bevan, named in the will as executor thereof. An authenticated copy of the will was filed in the superior court of the city and county of San Francisco, where the

deceased left estate, and Henry P. Umbsen petitioned for letters of administration with the will annexed, the foreign executor joining in the petition and requesting the nomination of Umbsen. P. Boland, the public administrator of the city and county of San Francisco, filed his opposition and his petition that he himself be appointed. The opposition and the petitions were heard together, and the court made its order admitting the will to probate and appointing Umbsen administrator of the estate with the will annexed. The public administrator appeals.          -

In appealing he insists that no discretion was vested in the court, and that as matter of strict legal right he was entitled to letters. The _Estate of Richardson_, 120 Cal. 344, contains one of the last expressions of the court upon this question. There, as here, a person not interested in the estate petitioned for letters of administration with the will annexed, the foreign executor joining in his petition and requesting his appointment. A devisee under the will, resident in California, likewise requested the nomination of the petitioner. The public administrator also petitioned, and the court ordered letters to be issued to the public administrator. This court said: "The executor, although a non-resident of the state, could have made application for the issuance of letters testamentary to himself (_Estate of Brown_, 80 Cal. 381), but there is no provision in the statute giving him the right to nominate an administrator with the will annexed. (_Estate of Beech_, 63 Cal. 458.) . . . The provision of section 1379 of the Code of Civil Procedure, 'Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court,' does not require the court to appoint the nominee of the person entitled, as it is required to do under section 1365, in case of the nominee of the surviving husband or wife, but places the appointment in the discretion of the court." The court in that case, having exercised its discretion by appointing the public administrator, the appellate court did not disturb its determination. In _Estate of Healey_, 122 Cal. 162, a somewhat similar question was presented. Ulty and James McCabe, being of lawful age, and next of kin of Healey, deceased, were entitled to letters as belonging to the seventh class enumerated in section 1365 of the Code of Civil

Procedure. They nominated and requested the appointment of one Abrahams as administrator. The public administrator entered a contest and filed a petition seeking his own appointment, and after a hearing the court awarded letters to him. The court reviewed the cases, considered the question as to whether or not under the circumstances the right of nomination was absolute, and held that such right was not absolute, but was a right which served to invoke the discretion of the court, the exercise of which discretion could not be disturbed except in the case of abuse. In the case at bar the court, in the exercise of its discretion, appointed the first petitioner, as in the *Estate of Richardson*, 120 Cal. 344, it saw fit to appoint the public administrator.

The court had the power so to do, and the order and decree appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.