[Civ. No. 528.　Third Appellate District.—January 26, 1909.]

In the Matter of the Estate of ANN MYERS, Deceased. THOMAS M. ROCHE, Appellant, v. ANN BAKER, Respondent.

ESTATES OF DECEASED PERSONS—RIGHT TO LETTERS OF ADMINISTRATION.—A child of a deceased person who has petitioned for letters of administration must be preferred as against the nominee of two remaining children of the decedent, which nominee is not entitled to succeed to any part of the personal estate of the decedent.

ID.—RIGHT TO NOMINATE NOT ABSOLUTE—CONSTRUCTION OF CODE—DISCRETION.—Under the construction given to section 1379 of the Code of Civil Procedure, taken in connection with section 1365 thereof, the right to nominate a person not entitled to letters by persons entitled thereto is not absolute, but is addressed to the discretion of the court, the exercise of which cannot be disturbed except in case of abuse.

ID.—EFFECT OF NOMINATION—RENUNCIATION OF RIGHTS TO LETTERS—RIGHT OF CHILD NOT JOINING ABSOLUTE.—The effect of the nomination by two children entitled to letters of one not so entitled was to renounce their personal rights to letters; and, in such case, the rights of the remaining child, who did not join in such nomination, were unaffected and remain absolute, and the court has no discretion to do otherwise than to grant the petition of such child for letters.

APPEAL from a judgment of the Superior Court of Colusa County.　H. M. Albery, Judge.

The facts are stated in the opinion of the court.

Seth Millington, Thos. Rutledge, and Ernest Weyand, for Appellant.

U. W. Brown, and I. G. Zumwalt, for Respondent.

CHIPMAN, P. J.—It appeared that the heirs at law of deceased are three daughters, Kate Roche, Sophia Drier and Ann Baker; Thomas M. Roche is a grandson of deceased, but is not entitled to succeed to any portion of the personal estate of deceased; he was nominated, in writing, by Kate Roche and Sophia Drier, each of whom is competent to act as ad-

ministratrix, and their written request was filed herein with the petition of said Thomas M. Roche, asking that letters be issued to him.

Ann Baker was competent to act as administratrix and she also prayed for letters, the petitions being heard together. The court held that it had no discretion, and that Ann Baker was entitled "as a matter of strict legal right" to be appointed administratrix, and the judge so ordered.

Section 1365, Code of Civil Procedure, fixes the order in which certain classes of persons are entitled to administer, in which order the court must make the appointment. The order is as follows: "1. The surviving husband or wife, or some competent persons whom he or she may request to have appointed; 2. The children." The other eight classes need not be stated.

Section 1366, Code of Civil Procedure, provides that "of several persons claiming and equally entitled to administer, males must be preferred to females," etc., but all the claimants here being daughters of the deceased and equally entitled, no question arises under that section, for it will not be claimed that the nominee of two of the daughters has any greater right, because he is a man, than the daughters themselves have.

Section 1367 of the same code provides: "When there are several persons equally entitled to the administration, the court may grant letters to one or more of them," etc.

Drawn into the discussion are section 1368, Code of Civil Procedure, which provides that where any person entitled to administer is a minor, "letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court"; and section 1379, Code of Civil Procedure, which provides that "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

The three daughters named being equally entitled to letters, the question we are asked to decide is whether or not Ann Baker, a daughter of deceased, was, as a matter of strict right, entitled to letters in preference to the nominee of both of the other daughters.

In *Estate of Healy*, 122 Cal. 162, [54 Pac. 736], section 1379 was under consideration. In that case Ulty and James

McCabe, and a married sister, were children of deceased, and, as residents of this state, were entitled to administer as belonging to the seventh class enumerated in section 1365. They did not themselves apply for letters, but nominated and requested the appointment of Abrahams, appellant therein, and he petitioned as their nominee. Thereafter the public administrator, belonging to an inferior class, namely, class B (section 1365), filed a petition asking for letters and the petitions were heard together. The history of section 1379 and the cases decided before and since its adoption as part of the code were fully examined, and the result reached that its provisions "must be construed as giving to the court the discretionary power to grant administration to any competent person who otherwise would not be entitled thereto at the written request of a person who would be so entitled," and the appointment of the public administrator, of the eighth class, was confirmed as against the nominee of persons of the seventh class. (See *Estate of Richardson,* 120 Cal. 344, [52 Pac. 832]; *Estate of Harrison,* 135 Cal. 7, [66 Pac. 846].) These cases clearly establish the construction to be given section 1379, that the right to nominate is not absolute, but is a right which serves to invoke the discretion of the court, the exercise of which discretion cannot be disturbed except in the case of abuse. It was held in *Estate of Carr,* 25 Cal. 585, that this section, then part of the Practice Act, applied only in cases where a vacancy in the administration existed. But in the cases cited the question as to the rights of a person of a particular class, as against the rights of a nominee of a person of the same class, was not before the court. The decisions referred to are far from deciding that where A, who belongs to class 7, nominates a representative not otherwise entitled, the latter thereby has equal rights with B of the same class who also petitions for appointment, and that the court has the discretion to choose between B and A's nominee.

Appellant relies upon *Estate of Turner,* 143 Cal. 439, [77 Pac. 144]. In that case there were three brothers of deceased, one of whom was a minor and incompetent to serve as administrator (section 1369). Section 1368, as we have seen, provides, in such case, that "letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court." It was held

in the Turner case that this section removed the disqualification of the minor who has a guardian and allows him through his guardian, as his representative, all the rights to which he would be entitled as an adult, and that the court had a discretion, by the terms of the section, to appoint the guardian and was not compelled to appoint one of the adult brothers. The court said, however, that "members of an inferior class are never entitled to administer when there is a member of a superior class who is not disqualified," by which, we presume, is meant a member of a superior class applying for letters.

It is claimed by appellant that the nominee of a person of a particular class, as here the nominee of certain daughters, steps into the shoes of the nominators, and is entitled to all the rights of another daughter of the same class, and by virtue of section 1379, the court is clothed with discretionary power to choose between the nominee and the daughter claiming the right to administer. But the result in the Turner case was worked out under the special provisions of section 1368, which are specifically made applicable to the guardian of a minor. Appellant claims that the provisions of 1379 must be read into and made to apply to all the classes other than class 1, so as to practically make it discretionary with the court in all the classes to appoint a nominee when some other person of the same class seeks appointment. In the case of a husband or wife there can be but one who may be appointed, and it was as to him or her that the statute provided that a nominee might be named and that a right absolute was thus conferred upon the latter. (*Estate of Dorris*, 93 Cal. 611, [29 Pac. 244].)

It seems to us that the effect of the action taken by the two sisters in appointing Roche, who otherwise had no right to be appointed, was to renounce their right under section 1365, and that Roche then became clothed only with such rights as flowed from section 1379, but that the rights of Ann Baker were unaffected and remained absolute. Had each one of the sisters applied for letters the court would have been authorized to use its discretion in making an appointment (section 1367). But when the court was confronted with the petition.of Roche, who claimed only as a nominee under section 1379, and had to decide between that petition and the petition of Ann Baker, applying in her own right, it had no discretion; her right was absolute, and, as her competency

and fitness and qualifications were not questioned, it became the duty of the court to grant her petition.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.