[L. A. No. 3209.   Department One.—November 9, 1912.]

In the Matter of the Estate of COUN D. RANKIN, Deceased.

ESTATES OF DECEASED PERSONS—ASSIGNMENT OF INTEREST BY LEGATEE—MONEY COMING TO ASSIGNOR AS "HEIR AT LAW."—An assignment by a legatee and devisee under a will of certain money "which may be coming to me as an *heir at law of the said . . . deceased, under the terms of his will,*" will be construed as intended to transfer portions of the interest of the assignor as a "beneficiary under the will," coming to her "under the terms of" such will.

ID.—FOREIGN WILL—RIGHT TO LETTERS OF ADMINISTRATION WITH WILL ANNEXED—PERSONS INTERESTED IN WILL.—The article of the Code of Civil Procedure containing sections 1323 and 1324 deals especially with the subject matter of foreign wills, and must prevail over all conflicting provisions as to all matters and questions arising out of the subject matter of such article, and under its provisions letters of administration with the will annexed must be granted to a person interested in the will who applies for them, in the absence of a petition for letters by the executor.

ID.—ASSIGNEE OF NONRESIDENT LEGATEE UNDER FOREIGN WILL—PREFERENTIAL RIGHT TO LETTERS AS AGAINST PUBLIC ADMINISTRATOR.—An assignee of a nonresident legatee and devisee under a foreign will is a person "interested in the will," within the meaning of section 1323 of the Code of Civil Procedure, and by virtue of that fact alone, if competent to serve as administrator in this state, is entitled to letters of administration with the will annexed, in preference to one who, like the public administrator, is not "interested in the will." It is immaterial, so far as affects the right of the assignee to such letters, that the assignment was made to him without any consideration paid therefor.

APPEAL from an order of the Superior Court of Riverside County granting letters of administration with the will annexed.   Paul J. McCormick, Judge presiding.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

Lafayette Gill, for Respondent.

ANGELLOTTI, J.—Deceased died testate on April 3, 1911, in Prince Edward Island, Canada, a resident of said island. By his will he gave all his property to his mother, Annie Rankin, a nonresident of this state, and appointed as executor one Arthur A. Bartlett, also a nonresident. A portion of his property consisted of an orange grove situate in Riverside County, California. His will was duly admitted to probate by the court of probate of wills of said island. Subsequently a copy of the will and the probate thereof, duly authenticated, was filed in the superior court of Riverside County by one W. C. Fraser, with a petition for its probate in this state and the issuance to him of letters of administration with the will annexed, he claiming to be a "person interested in the will," by virtue of certain assignments of interests in the estate made by said Annie Rankin, the sole devisee and legatee. The public administrator of Riverside County filed his opposition to the granting of such letters to Fraser and his petition for the issuance of such letters to himself. The trial court admitted the will to probate in this state, denied the application of the public administrator, and ordered the issuance of letters of administration with the will annexed to Fraser, as a person interested in the will. The assignments under which Fraser claimed were three in number, each being a written instrument made by said Annie Rankin as "the sole beneficiary under the will" of deceased, and each purporting to assign and transfer to said Fraser a specified sum of money "which may be coming to me as an heir at law of the said Coun D. Rankin, deceased, under the terms of his will." It was shown over the objection of Fraser that the same was immaterial, incompetent, and irrelevant, that no valuable consideration was paid by Fraser for any of said assignments.

This is an appeal by the public administrator from the order of the superior court, the only controversy being as to

the respective rights of Fraser and the public administrator to letters of administration with the will annexed.

It is urged that nothing passed to Fraser by virtue of any of the assignments because of the phraseology thereof, each of them being of money "which may be coming to me as an *heir at law*" of deceased, and Mrs. Rankin taking solely as devisee and legatee. This construction of the assignments is too technical. It is impossible to fairly construe the instruments otherwise than as intended to transfer portions of the interest of Mrs. Rankin as "beneficiary under the will," coming to her "under the terms of" the will of deceased.

It is immaterial so far as the public administrator is concerned that nothing of value was paid by Fraser for any of the assignments. Mrs. Rankin of course had the right to give any portion of her interest under the will to Fraser if she saw fit to do so, and the public administrator could not be heard to question the effect of the assignments either on the ground that the same constituted mere gifts, or that a consideration recited was not in fact paid.

The situation in regard to the assignments being as we have stated, the action of the trial court in awarding letters of administration with the will annexed to Fraser as against the public administrator was correct, in view of the decisions of this court.

Section 1323 of the Code of Civil Procedure contained in the article relative to probate of foreign wills provides "when a copy of the will, and the probate thereof, duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters," it shall be filed, and that after proper notice and proofs there shall be "letters testamentary or of administration issued thereon." It was squarely decided in *Estate of Bergin*, 100 Cal. 376, [34 Pac. 867], in a contest for letters of administration between the public administrator and a resident devisee under a foreign will, the executor named in the will failing to apply for letters testamentary, that the devisee was entitled to letters of administration with the will annexed, as a "person interested in the will," in preference to the public administrator. The court said that the article containing sections 1323 and 1324 of the Code of Civil Procedure dealt especially with the subject matter of foreign

wills, and must prevail over all conflicting provisions "as to all matters and questions arising out of the subject matter of such article," and that it was clear that under its provisions letters of administration "must be granted to a 'person interested in the will' who applies for them, in the absence of a petition by the executors." In *Estate of Engle,* 124 Cal. 292, [56 Pac. 1022], a contest for letters of administration with the will annexed between the assignee of an undivided interest in certain property of the estate from the sole devisee, and a public administrator, it was held that the assignment vested in the assignee all the interest that the devisee had by virtue of being the owner of such undivided interest, and made him a person interested in the will within the meaning of section 1323 of the Code of Civil Procedure, and that he was entitled to letters of administration with the will annexed as a person interested in the will, in preference to the public administrator. There has been no change in our law material to the question presented since these decisions were rendered, and there is no decision impairing the effect of the rulings made in the cases just cited.

In *Estate of Richardson,* 120 Cal. 344, [52 Pac. 832], it is true that it was held that the superior court had the right, under the circumstances of that case, to appoint the public administrator. The contest there was between the nominee of both the absent executor and a devisee not competent to administer, and the public administrator, and it was simply held, as stated in the syllabus, that "in default of application therefor by such executor, or by a devisee resident in this state, who is entitled to act as administrator, there is no statutory provision requiring the court to appoint the nominee of such executor or of any resident devisee." In *Estate of Coan,* 132 Cal. 401, [64 Pac. 691], the contest was between a son and a daughter of deceased, each competent to administer and each interested in the will as devisee or legatee. It was held that section 1350 of the Code of Civil Procedure, requiring that where no executor is named in the will, or if the executor named is dead, or incompetent, or renounce or fail to apply for letters, "letters of administration with the will annexed must be issued as designated and provided for in granting of letters in case of intestacy," and section 1365 of the Code of Civil Procedure, prescribing the order in which

letters must be granted in case of intestacy, are applicable in the matter of a foreign will "where, as in this case, the controversy as to who shall administer is between parties *interested in the will*." This may well be for the reason that there is no conflicting provision in the article on probate of foreign wills, that article controlling, as said in *Estate of Bergin*, 100 Cal. 376, [34 Pac. 867], where there is any special provision thereof in conflict with a provision in another article. In *Estate of Coan*, 132 Cal. 401, [64 Pac. 691], *Estate of Engle*, 124 Cal. 292, [56 Pac. 1022], and *Estate of Bergin*, 100 Cal. 376, [34 Pac. 867], were expressly distinguished from the case under consideration, as involving a contest for letters "between one interested in the will and the public administrator." *Estate of Brundage*, 141 Cal. 538, [75 Pac. 175], contains nothing in conflict with the views declared in *Estate of Bergin*, 100 Cal. 376, [34 Pac. 867], and *Estate of Engle*, 124 Cal. 292 [56 Pac. 1022]. In that case, the person held by this court to be entitled to letters was a resident son of the deceased, who was a devisee and legatee under the will, a person interested in the will. The other party, a corporation authorized to act as administrator, was the nominee of the nonresident executor, the nominee of nonresident heirs and legatees, who by reason of their nonresidence were incompetent to act as administrator, and the assignee of a portion of the legacy of one of the nonresident daughters. It was held in accord with previous decisions that neither the nomination by the nonresident executor, nor the nomination by any heir, devisee, or legatee not himself competent to serve as administrator, or "entitled" to administration, gave the nominee any right. As to the claim that such party was entitled to have its claim considered by reason of the fact that it was the assignee of a portion of a daughter's legacy, the answer was practically that as such assignee it could occupy no better position than its assignor, the nonresident daughter, if she were a resident of the state, that in such event the contest would be one between two parties "interested in the will," and that the son must be preferred to the daughter under the rule declared in *Estate of Coan*, 132 Cal. 401, [64 Pac. 691]. The proposition that as against a person "interested in the will," the public administrator is not "entitled" to

letters of administration in the case of a foreign will was referred to in the opinion as being a "well settled proposition," and it was stated that this rule is apparently based upon the fact that he is not "interested in the will." None of the other cases cited by learned counsel for appellant requires notice.

From what we have said it is clear that it is the well established rule in California that in the case of a foreign will, a person "interested in the will" is by virtue of that fact alone, if competent to serve as administrator in this state, entitled to letters of administration with the will annexed as against one who, like the public administrator, is not "interested in the will." This is the effect of sections 1323 and 1324 of the Code of Civil Procedure, as construed by this court in the cases we have cited.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.