[L. A. No. 3261. In Bank.—May 17, 1913.]

In the Matter of the Estate of AUGUSTA MEIER, Deceased.

ESTATES OF DECEASED PERSONS—FOREIGN WILL—PROVISIONS OF CODE GOVERNING ISSUANCE OF LETTERS TESTAMENTARY OR OF ADMINISTRATION.—The article of the Code of Civil Procedure, (sections 1322–1324), on probate of foreign wills, must prevail over all conflicting provisions as to all matters and questions arising out of the subject matter of such article. Under that article, the executor named in a foreign will is entitled to letters testamentary if he applies for such letters, and in the absence of such an application by the executor, letters of administration must be granted "to any

other person interested in the will" who applies for them, provided the applicant has the qualifications prescribed by the law for administrator.

ID.—ISSUANCE OF LETTERS OF ADMINISTRATION WITH WILL ANNEXED.—Except in so far as there is special provision to the contrary in the article on foreign wills, the general provisions of the Code of Civil Procedure relating to the issuance of letters of administration with the will annexed control.

ID.—EXECUTOR CANNOT NOMINATE ADMINISTRATOR.—In the case of a foreign will, the executor named in the will, as such, is not authorized to nominate an administrator with the will annexed, and any attempted nomination by him is ineffectual for any purpose.

ID.—PERSONS "INTERESTED IN WILL" HAVE PREFERENTIAL RIGHT TO LETTERS.—Any person "interested in the will," which term includes any devisee or legatee, or an assignee of any devisee or legatee, who is in all respects competent to serve as administrator under the laws of this state, is entitled as matter of right to such letters in preference to any person not "interested in the will," by virtue of the provisions specially applicable to foreign wills.

ID.—NOMINEE OF "PERSON INTERESTED IN WILL."—Any attempted nomination of another as administrator by one "interested in the will" who is himself incompetent to serve as administrator under the laws of this state, except where the nomination is made by the surviving husband or wife, is ineffectual for any purpose.

ID.—PREFERENCE BETWEEN "PERSONS INTERESTED IN WILL."—Where there are applications for appointment by two or more persons "interested in the will" who are competent to serve as administrator under the laws of this state, the relative rights of the parties are determined by the rules applicable in cases of intestacy.

ID.—PUBLIC ADMINISTRATOR HAS PREFERENCE OVER NOMINEE OF EXECUTOR OR INCOMPETENT PERSON INTERESTED.—Where none of the applicants is "interested in the will," the rules applicable in cases of intestacy control. Such rules require the appointment of the public administrator in preference to one whose only claim, apart from the fact that he is legally competent, is based on the nomination of the executor of the will or the nomination of some one interested in the will, other than the surviving husband or wife, who is himself incompetent to serve as administrator.

APPEAL from an order of the Superior Court of Riverside County admitting a will to probate and appointing an administratrix with the will annexed. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

M. Estudillo, and George A. French, for Appellant.

Robert E. Hubbard, for Respondent.

ANGELLOTTI, J.—Augusta Meier died testate in Germany, being a resident thereof and being the owner of certain real property in Riverside County at the time of her death. One Emil Glaser, a resident of Germany, was named in the will as executor. The will was admitted to probate in Germany, and Glaser appointed executor. In his capacity as executor he gave one Theresa von Breton, a resident of Los Angeles in this state, a general power of attorney to act for him herein, which, it may be assumed, was sufficient by reason of its provisions to constitute her his nominee to apply for the probate of such will in California, and for letters of administration with the will annexed therein. She was not otherwise "interested in the will," being neither a devisee or legatee, nor the assignee of any devisee or legatee. She presented to the superior court of Riverside County "a copy of the will and the probate thereof duly authenticated" (Code Civ. Proc., sec. 1323) and asked that the will be admitted to probate in California, and that letters of administration with the will annexed be issued to her. The public administrator of Riverside County, Wm. H. Polkinghorn, filed a petition asking that such letters be issued to him. The petitions were heard together, and the court made an order admitting the will to probate, and appointing said Theresa von Breton administratrix with the will annexed, and denying the petition of the public administrator. From that part of the order so appointing said Theresa von Breton and denying his own application for appointment, the public administrator appeals.

It is settled by the decisions that the article on probate of foreign wills (Code Civ. Proc., secs. 1322–1324), dealing especially, as it does, with the subject matter of foreign wills, must prevail over all conflicting provisions as to all matters and questions arising out of the subject matter of such article; and that thereunder the executor named in a foreign will is entitled to letters testamentary if he applies for such letters, and that in the absence of such an application by the executor, "letters of administration" must be granted to "any other person interested in the will" who applies for them, provided, of course, that the applicant has the qualifica-

tions prescribed by our law for administrator. This has never been questioned in any opinion of this court, so far as we have been able to find, since it was first squarely declared in *Estate of Bergin,* 100 Cal. 376, [34 Pac. 867], where the question was directly involved. This rule has since been applied in favor of a resident assignee of a nonresident devisee or legatee as against the public administrator. (*Estate of Engle,* 124 Cal. 292, [56 Pac. 1022], *Estate of Rankin,* 164 Cal. 138, [127 Pac. 1034].) In each of the cases last cited the assignee was held to be, by virtue of the assignment to him, a party "interested in the will," and therefore within the rule declared in *Estate of Bergin,* 100 Cal. 376, [34 Pac. .867], where the rule was applied in favor of a resident devisee as against the public administrator. The public administrator, of course, is not a party "interested in the will." As against one not "interested in the will," a party "interested in the will," who is in all respects competent to serve, is entitled as matter of right to letters of administration with the will annexed by virtue of the provisions of our Code of Civil Procedure dealing especially with the subject of foreign wills.

It is also uniformly held that except in so far as there is special provision to the contrary in the article on foreign wills, the general provisions relating to the issuance of letters of administration with the will annexed control. Section 1350a of the Code of Civil Procedure, formerly part of section 1350 of the Code of Civil Procedure, provides substantitially that if the executor named is incompetent, or fails to apply for letters, etc., "letters of administration, with the will annexed, must be issued as designated and provided for in granting of letters in case of intestacy," a matter regulated by section 1365 et seq. of the Code of Civil Procedure. The latter sections prescribe the order in which various persons are "entitled" to be appointed administrator, commencing with the surviving husband or wife, and ending with "10. Any person legally competent," the public administrator being eighth in the list, preceding creditors, who are ninth, and "any person legally competent." With certain exceptions, all but one of which it is not here necessary to notice, for they are not material to the matter we are discussing, a competent applicant of a higher class must be awarded letters as against a competent applicant of a lower class. The

court has no discretion in such a case, but must award letters of administration to the competent applicant of the higher class. The single exception we have referred to is that provided by section 1379 of the Code of Civil Procedure, which, as construed by this court, authorizes the probate court in its discretion to prefer the *nominee* of one of a higher class, where such member of the higher class is himself competent, to one of a lower class.

As we have said our decisions uniformly hold that the rules as to appointment of an administrator in cases of intestacy apply in the matter of the appointment of an administrator with the will annexed in the case of a foreign will, in the absence of special provision in the article on foreign wills. It was so expressly held in a contest for letters of administration with the will annexed between two competent persons interested in the foreign will, one a son and the other a daughter of the deceased, both being devisees or legatees under the will, where the conclusion was that the son was entitled as of right to letters over the daughter under the express provisions of section 1366 of the Code of Civil Procedure. It is to be noted that the article on foreign wills contains no provision as to priority as between two or more applicants each of whom is "interested in the will." The court said that what is now section 1350a of the Code of Civil Procedure is not restricted to any class of wills, "and it certainly must include foreign wills, in its provisions," and that such section is applicable wherever "the controversy as to who shall administer is between parties *interested in the will.*" (*Estate of Coan,* 132 Cal. 401, [64 Pac. 691].) As was noted in *Estate of Rankin,* 164 Cal. 138, [127 Pac. 1034], this is so because "there is no conflicting provision in the article on probate of foreign wills." If this be the law where both applicants are interested in the will, *a fortiori,* must it be the law where neither applicant is interested in the will, as is the situation here. It is thoroughly established that the nominee for administrator of a nonresident executor or of any person interested who is himself incompetent by reason of nonresidence or any other cause, with the single exception of the nominee of the surviving husband or wife (Code Civ. Proc., sec 1365, subd. 1), is in no better position by reason of such nomination than he would have been with-

out it, and that the nomination is absolutely ineffectual for any purpose. (See *Estate of Brundage,* 141 Cal. 541, 542, [75 Pac. 175], and cases there cited.)

The proposition that the rules applicable in cases of intestacy apply under such circumstances as we have here has never been disputed. In *Estate of Beech,* 63 Cal. 458, a case of a foreign will, the contest was between the nominee of the nonresident executor, who was also a devisee and legatee, and the public administrator, and such rules were applied, with the result that the public administrator was appointed. The order of appointment was affirmed, the court expressly holding that the nominee acquired no right by virtue of the nomination, notwithstanding section 1379 of the Code of Civil Procedure, as the nomination was not made by one "who was himself either competent or entitled to serve as administrator." In *Estate of Garber,* 74 Cal. 338, [16 Pac. 233], an order appointing the nominee of the nonresident executrix of a foreign will in preference to the public administrator was reversed, the court applying the rules applicable in cases of intestacy, and holding that the lower court had no discretionary power in such a case. Here again, it is to be observed, the contest was between two persons neither of whom was "interested in the will." In *Estate of Richardson,* 120 Cal. 344, [52 Pac. 832], the contest for letters in the case of a foreign will was between the nominee of the nonresident executor and a resident devisee incompetent to administer, and the public administrator. The lower court appointed the public administrator. It was expressly declared that the rules applicable in cases of intestacy were applicable to the case, and the appointment of the public administrator was upheld. Disposing of section 1379 of the Code of Civil Procedure, which was evidently relied upon by the nominee of the nonresident, the court incidentally said that the section does not require the court "to appoint the nominee of the person entitled," as it is required to do under section 1365 of the Code of Civil Procedure, in the case of the nominee of the surviving husband or wife, but places the appointment in the discretion of the court. We have already referred to *Estate of Coan,* 132 Cal. 401, [64 Pac. 691]. The rule is expressly recognized in *Estate of Brundage,* 141 Cal. 541, [75 Pac. 175], and again in *Estate*

*of Rankin,* 164 Cal. 138, [127 Pac. 1034]. It was also fully
recognized in Estate of Harrison, 135 Cal. 7, [66 Pac. 846],
the one case wherein the conclusion of this court supports
the claim of respondent. The contest there, as here, was
between the nominee of a nonresident executor and the public
administrator and the lower court appointed the nominee.
The order was here affirmed in a department decision, the
court holding that the lower court had the right, in the exer-
cise of its discretion, to appoint such nominee. The decision
was expressly based upon what was incidentally said in
*Estate of Richardson,* 120 Cal. 344, [52 Pac. 832], as to the
effect of section 1379 of the Code of Civil Procedure, one of
the provisions relative to the grant of letters in cases of in-
testacy. In view of the fact that it is thoroughly settled
that section 1379 of the Code of Civil Procedure, cannot
apply to the nominee of one who "is not himself 'entitled,'
*either because incompetent* or because another applicant with
a better claim is entitled," (see *Estate of Brundage,* 141 Cal.
541, 542, [75 Pac. 175], and cases cited), it is clear that
under the rules applicable in cases of intestacy the reason
given in the opinion in *Estate of Harrison,* 135 Cal. 7, [66
Pac. 846], for the conclusion reached was not a good reason,
and that the conclusion itself was erroneous. The language
in *Estate of Richardson,* 120 Cal. 344, [52 Pac. 832], that
we have referred to, which was quoted in *Estate of Harrison,*
135 Cal. 7, [66 Pac. 846], when carefully considered in con-
nection with the question there under consideration, does
not necessarily give to section 1379 of the Code of Civil Pro-
cedure, the effect attributed to it in *Estate of Harrison.* It
is entirely consistent with the idea that the appointment is in
the discretion of the court under section 1379 of the Code
of Civil Procedure, only where the person nominating is
himself "entitled" by reason of possessing the necessary
qualifications and having the prior right, and the court cited
in support of its statement a case expressly so holding, viz.:
*Estate of Bedell,* 97 Cal. 339, [32 Pac. 323]. In the opinion
in *Estate of Brundage,* 141 Cal. 541, [75 Pac. 175], there is
language to the effect that where the contest is between the
public administrator and the nominee of a foreign executor,
the court has the discretionary power to appoint either.
What was said on this point was pure *dictum.* It was

squarely decided in that case that a nomination by a non-resident executor or a nonresident devisee or legatee was ineffectual for any purpose, and further that section 1379 of the Code of Civil Procedure cannot apply where the person making the written request "is not himself entitled to administration," because incompetent by reason of nonresidence or any other cause. When section 1379 of the Code of Civil Procedure has been eliminated from consideration, as it must be whenever the party nominating is himself incompetent, we have no rule applicable in cases of intestacy that authorizes the probate court in its discretion to prefer to the public administrator in the matter of granting letters of administration, one who is not "interested in the will" and who has no prior right to letters under section 1365 of the Code of Civil Procedure, and whose only claim apart from being a creditor of decedent or a person legally competent, is based on a nomination by another who if competent would be entitled to letters, but who is in fact incompetent and therefore not entitled to letters. We are satisfied that it must be held that the decision in *Estate of Harrison,* 135 Cal. 7, [66 Pac. 846], and the views expressed in *Estate of Brundage,* 141 Cal. 541, [75 Pac. 175], as to the discretionary power of the court where the contest is between the public administrator and the nominee of a nonresident executor or devisee or legatee, are not in accord with our law, as the same is settled by our decisions generally, and that to refrain from expressly repudiating the same would but tend to further confusion on a subject that is already very much confused by reason of a multitude of statutory provisions.

To more briefly state our conclusions as to the law in relation to the right to letters of administration with the will annexed, in the case of a foreign will, when the executor named therein does not apply for letters testamentary:

The executor named in the will, as such, is not authorized to nominate an administrator, and any attempted nomination by him is ineffectual for any purpose.

Any person "interested in the will," which term includes any devisee or legatee, or an assignee of any devisee or legatee, who is in all respects competent to serve as administrator under the laws of this state, is entitled as matter of right to such letters in preference to any person not "interested

in the will," by virtue of the provisions specially applicable to foreign wills.

Any attempted nomination of another as administrator by one "interested in the will" who is himself incompetent to serve as administrator under the laws of this state, except where the nomination is made by the surviving husband or wife, is ineffectual for any purpose.

Where there are applications for appointment by two or more persons "interested in the will" who are competent to serve as administrator under the laws of this state, the relative rights of the parties are determined by the rules applicable in cases of intestacy.

Where none of the applicants is "interested in the will," the rules applicable in cases of intestacy control. Such rules require the appointment of the public administrator in preference to one whose only claim, apart from the fact that he is legally competent, is based on the nomination of the executor of the will or the nomination of some one interested in the will, other than the surviving husband or wife, who is himself incompetent to serve as administrator.

In view of what we have said, the lower court erred in granting letters to respondent. She was not a party "interested in the will." Her nomination by the foreign executor was ineffectual for any purpose. She had no claim except as a "person legally competent," and as such could have been granted letters only in the absence of an application by a person with a prior right under section 1365 et seq. of the Code of Civil Procedure. The public administrator was such a person under the provisions of section 1365 of the Code of Civil Procedure, and was entitled to letters as against her, as matter of right.

So much of the order as is appealed from is reversed.

Shaw, J., Melvin, J., Sloss, J., Lorigan, J., and Beatty, C. J. concurred.