[S. F. No. 8334.   Department One.—September 28, 1917.]

In the Matter of the Estate of THOMAS MORAN, Deceased. W. J. HYNES, Appellant, v. WILLIAM A. PEAKE, Respondent.

EXECUTORS AND ADMINISTRATORS—RIGHT OF PUBLIC ADMINISTRATOR TO LETTERS—ASSIGNEE OF NONRESIDENTS NOMINATED BY WILL WITHOUT RIGHT.—Where a testator left his estate to a brother and sister, both nonresidents, and appointed them executors, and they failed to apply for letters testamentary, the public administrator's right to letters of administration with the will annexed was prior to that of a stranger to whom the legatees assigned their interest in the estate, and who thereupon filed the will for probate and applied for letters with the will annexed.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing an administrator. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Cullinan & Hickey, for Appellant.

Tobin & Tobin, for Respondent.

SHAW, J.—Moran died testate, a resident of the city and county of San Francisco, where he left estate. The legatees, a brother and sister of the decedent, both reside in Illinois. The will appoints them as executors of the estate. Both of them have failed to apply for letters testamentary upon the estate, or for the probate of the will. They duly assigned their interest in the estate to Peake, who thereupon filed the will for probate and applied for letters of administration with the will annexed. Hynes, as public administrator, contested the application for letters. The court below appointed Peake as administrator, he being a stranger to the estate, having no other interest. Hynes appeals from the order.

The sole question is whether, under the circumstances stated, the assignee of the interests of nonresident legatees under a domestic will, claiming solely by virtue of the assignment, is entitled to letters of administration with the will annexed, upon the estate, in preference to the public administrator.

Being a stranger, the public administrator is preferred to him by section 1365 of the Code of Civil Procedure, unless the fact that the decedent died testate makes a difference. Section 1350a of the Code of Civil Procedure, taken in connection with section 1365, covers the case and declares that the public administrator is entitled. (*Estate of Crites,* 155 Cal. 392, [101 Pac. 316] ; *Estate of Cook,* 173 Cal. 465, 471, [160 Pac. 553] ; *Estate of Meier,* 165 Cal. 456, [Ann. Cas. 1914D, 121, 48 L. R. A. (N. S.) 858, 132 Pac. 764].)

Respondents refer to section 1323 of the Code of Civil Procedure, relating to foreign wills, and to the decisions holding that in the case of a foreign will any person interested in the will is entitled to letters of administration with the will annexed. They contend that under the same rule of construction section 1299 should be held to entitle any person interested in the estate to receive letters of administration with the will annexed in case the executor fails to apply. Section 1299 does not authorize any person to obtain letters testamentary, or letters of administration with the will annexed. It merely authorizes any person interested in the estate to file a petition for the probate of the will, but it in no wise changes the rule regarding the persons entitled to letters of administration upon a domestic will, where the executor named therein is dead, incompetent, renounces or fails to apply for letters, or where there is no executor named. Those cases are provided for in section 1350a, which refers to section 1365 as a source of authority for the grant of such letters. The court erred in refusing to appoint the public administrator.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.