[L. A. No. 10027. In Bank.—March 29, 1928.]

In the Matter of the Estate of NORMAN W. SAYERS, Deceased. EMMA L. SAYERS, Appellant, v. ELIZABETH S. MERVYN, Respondent.

C. E. McDowell for Appellant.

Thomas T. Robinson for Respondent.

WASTE, C. J.—Norman W. Sayers, a resident of Pennsylvania, died testate on or about the fifteenth day of July, 1926. By his last will and testament he bequeathed his estate to his widow, Emma L. Sayers, and a number of other legatees and devisees. Among the provisions of the will he left a house and lot in Los Angeles, the only property owned by him in this state, to his daughter, Elizabeth S. Mervyn, for life with remainder over to her children. The

will was admitted to probate in Pennsylvania, but the executors named failing to apply for letters in California, the widow, Emma L. Sayers, filed in the superior court of Los Angeles County a duly authenticated copy of the will and its probate in Pennsylvania, together with a petition that letters of administration with the will annexed be issued to Sam West, a resident of this state. Elizabeth S. Mervyn, the daughter, also a resident of this state, thereupon filed a petition for the probate of the will and asked that she be appointed administratrix with the will annexed. At the same time she filed objections to the appointment of the widow's nominee, urging as grounds of contest that Mrs. Sayers was a nonresident, that she had no interest in the California property, and was not entitled to succeed to any portion of it. The two petitions were heard at the same time. The court admitted the will to probate as a foreign will, and sustained the objections of Elizabeth S. Mervyn to the appointment of West on the ground that the widow was not entitled to succeed to any part of the estate under the jurisdiction of the court. It found that Elizabeth S. Mervyn was entitled to succeed to the whole of the estate in California by life estate with remainder to her children, and made its order appointing her administratrix with the will annexed. The surviving wife appeals.

The sole point to be considered is whether a nonresident surviving wife, who takes nothing in this state under the will, is entitled to letters in preference to a resident daughter to whom the decedent bequeathed all of his property in California. Appellant contends that the provisions of the code dealing specially with the subject matter of foreign wills must prevail over all conflicting provisions arising out of the same subject matter, and that as a "person interested in the will" (sec. 1324, Code Civ. Proc.), she, although herself disqualified by nonresidence, is entitled to have her nominee appointed in her place.

Appellant is undoubtedly correct in her position that, if there are to be found conflicting sections in the code relating to the same subject matter, those dealing specially with the subject matter must prevail. However, it has been as uniformly held that, except in so far as there is special provision to the contrary in the article relating to foreign wills, the general provisions relating to the issuance of

letters control. (*Estate of Meier*, 165 Cal. 456, 459 [Ann. Cas. 1914D, 121, 48 L. R. A. (N. S.) 858, 132 Pac. 764].) We are unable to discover any conflict in the special provisions relating to the probate of foreign wills and the general provisions of the code relating to the granting of letters. Section 1323 of the Code of Civil Procedure provides that when a copy of a foreign will, and the order or decree admitting it to probate, duly authenticated, are produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed and notice given by the clerk. If, on the hearing, the required facts are made to appear (sec. 1324) the will "must be admitted to probate, and have the same force and effect as a will first admitted to probate in this state, and letters testamentary or of administration issued thereon." These sections do not authorize any particular person to obtain letters. There is nothing in their language to indicate, or to direct, to whom letters of administration with the will annexed must issue if the executor fails to apply. The situation, therefore, appears to be identical with that created by the filing of a domestic will for probate. In such case any executor, devisee, or legatee named in the will, or any other person interested in the estate, may, after the death of the testator, petition the court having jurisdiction to have the will proved. (Sec. 1299, Code Civ. Proc.) But it has been decided that that section does not authorize any person to obtain letters testamentary, or letters of administration with the will annexed in case the executor fails to apply. It merely authorizes any person interested in the estate to file a petition for the probate of the will, and in no way changes the rule regarding the persons entitled to letters upon a domestic will where the executor named therein is dead, incompetent, renounces or fails to apply for letters. Those cases are provided for in section 1350a, which refers to section 1365 as a source of authority for the granting of such letters. (*Estate of Moran*, 176 Cal. 216 [168 Pac. 18].)

Section 1350a provides, so far as is here pertinent, that if the executor named fails to apply, letters of administration with the will annexed must be issued as designated and provided for in granting letters in cases of intestacy. This section is not restricted to any class of wills, and it certainly must include foreign wills in its provisions. (*Estate of*

*Coan,* 132 Cal. 401, 403 [64 Pac. 691]; *Estate of Brundage,* 141 Cal. 538, 541 [75 Pac. 175].) Letters in cases of intestacy must be granted in the order prescribed in section 1365— "the relatives of the deceased being entitled to administer only when they are entitled to succeed to [the] estate or some portion thereof." This provision places a further limitation upon those who shall be entitled to serve as administrator, in addition to the restrictions found in section 1369. The power of the legislature to put this limitation on the right to letters cannot be questioned. The provision is general and relates to all estates to be administered in this state. There is nothing anywhere in the law to indicate a contrary view. First in order of those entitled to letters is "the surviving husband or wife, or some competent person, whom he or she may request to have appointed." Second, are "the children."

Under these provisions (secs. 1350a and 1365, *supra*) those only are entitled to letters who, in case of intestacy, are entitled to succeed to the estate of the deceased or some portion thereof, and who, in case of testacy, take by bequest some portion of that estate. One taking nothing at all under a will is not, under these sections, entitled to letters. (*Estate of Cook,* 173 Cal. 465, 472 [160 Pac. 553]; *Estate of Walker,* 169 Cal. 400, 401 [146 Pac. 868].) If these sections and the decisions apply, the nominee of the appellant is not entitled to letters. (*Estate of Crites,* 155 Cal. 392, 394 [101 Pac. 316]; *Estate of Mahoney,* 85 Cal. App. 675 [259 Pac. 1014].) That they should and do apply is, we think, apparent. We have not lost sight of the fact that there are opinions of the court which seemingly lend support to the contention of the appellant that, as a "person interested in the will" now offered for probate, she is entitled to request the appointment of another person to serve as administrator with the will annexed. It may be said, in passing, that when appellant makes this contention she destroys her own case, for certainly there is nothing in the sections relating to foreign wills which permits her to nominate anyone, and, in order to do so, she must bring herself within the provisions of section 1365, the general provision relating to the granting of letters in cases of intestacy. The decisions relied on by appellant must be considered in the light of the facts involved in each. In *In re Bergin,* 100 Cal. 376 [34 Pac.

867], the applicant for letters was a resident of California and a devisee under the terms of the will. It was held, and that was all that it was necessary to decide, that he was entitled to letters, being "a person interested in the will" as against the public administrator, not a party interested. (*Estate of Meier, supra.*) The same rule was applied in *Estate of Engle,* 124 Cal. 292 [56 Pac. 1022], in sustaining the claim of a resident assignee of a nonresident devisee of property within the state to be appointed over the petition of the public administrator. To the same effect is *Estate of Rankin,* 164 Cal. 138 [127 Pac. 1034]. In each of these cases it must be noted that the party "interested in the will" took, directly or by assignment under the will, some part of the property of the decedent in this state. Here the surviving wife has no interest in any part of the estate in California.

The rule seems to be now very definitely understood and settled by the later decisions of the court. In the *Estate of Rankin, supra,* Mr. Justice Angellotti clarified the situation when he said (p. 143) : " . . . it is the well established rule in California that in the case of a foreign will, a person 'interested in the will' is by virtue of that fact alone, *if competent to serve* [italics ours] as administrator in this state, entitled to letters of administration with the will annexed as against one who, like the public administrator, is not 'interested in the will.' " Still later, the court, speaking through the same justice, held that in the absence of an application for letters by the executor named in a foreign will, letters "must be granted to 'any other person interested in the will' who applies for them, *provided, of course, that the applicant has the qualifications prescribed by our law for [an] administrator. . . .* As against one not 'interested in the will,' a party 'interested in the will,' who is in all respects competent to serve, is entitled as a matter of right to letters of administration with the will annexed by virtue of the provisions of our Code of Civil Procedure dealing especially with the subject of foreign wills." (*Estate of Meier,* 165 Cal. 456, 458 [Ann. Cas. 1914D, 121, 48 L. R. A. (N. S.) 858, 132 Pac. 764].) (Italics added.)

The order appealed from is affirmed.

Curtis, J., Preston, J., Langdon, J., Shenk, J., Richards, J., and Seawell, J., concurred.